CARSON adm'r. of STEPHENS and plf. in error vs. BLAKEY and LOVE, Adm'rs. of ANDERSON and deft. in error.

A deed of mortgage with a power of sale in the mortgagee is valid in this state; and a sale by the mortgage, if made in pursuance of the provisions of the deed, vests in the purchaser a valid title.
Napton Judge dissenting.

                Error to Marion county.

                *T. L. Anderson for plf. in error.*

A deed of mortgage with power to sell, legally enables the mortgagee to sell on failure of the mortgagor to pay the debt secured, and that such sale rests in the purchaser a valid title. 1 Pow. on mort.—18 Vesy 344—2 Cruise 105. sec. 43 and 44. 27 Eng. Com. L. Rep, 268.

                *U. Wright for deft. in error.*

1st. That under our law a mortgage with a power of sale in mortgagee is void.—2nd. That the only method of obtain-

Carson adm'r
of Stephens
vs.
Blakey and
Love adm'r.
of Anderson.

ing title to mortgaged premises is, with us, by a sale under a petition for foreclosure.

*Opinion of the court delivered by Tompkins Judge.*

Carson, as administrator of Stephens. brought his action of ejectment against Anderson in his lifetime; the death of Anderson being suggested on the record, Blakey and Love were made parties as administrators. The judgment of the circuit court was given in favor of the defendants, and to reverse that judgment, Carson prosecutes this writ of error in this court. The evidence in the case is, that in the life time of John Anderson, one George McDaniel became the security of said Anderson for the sum of one thousand dollars, and that Anderson wishing to secure said McDaniel from any loss on that account, executed to him a mortgage for the land here sued for, with a power to McDaniel himself, to sell the premises on certain conditions in the mortgaged deed mentioned. McDaniel sold the land and Joseph Stephens, the plaintiffs intestate, became the purchaser. It is not contended that the conditions prescribed in the mortgage deed have not been complied with. The only contested point, is whether the mortgagor can consistently with law, constitute the mortgagee a trustee for the purpose of selling this land, to raise money to pay the debt due to the mortgagee himself from the mortgagor. On the part of the defendants in error it is contended, 1st. That under our law a mortgage with a power of sale in the mortgagee is void. 2nd. That the only method of obtaining title to the mortgaged premises is, with us, by a sale under a petition for a foreclosure. The act concerning mortgages, of February 18th 1825, found in Digest of 1825, ] age 593, provides, that in all cases of mortgages of land &c. where the mortgagee, his executors, administrators or assigns, shall file a petition in the office of the clerk of the circuit court of the county where the mortgaged premises lie, against the mortgagor, or his heirs, executors or administrators, &c., setting forth the instrument of writing containing the mortgage, and praying that the equity of redemption may be foreclosed, and the mortgaged premises sold to satisfy the amount then due, the clerk shall issue a summons requiring the defendant

to appear &c., the cause then proceeds, as do other causes in the circuit court, with this exception,—that no sale shall be made within nine months after filing the petition. Thence it is inferred that in every case of a mortgage the mortgagee must proceed by filing his petition in the circuit court to procure a sale of the mortgaged premises; this is, in my opinion, a mistaken view of the legislative will.   No restrictions are imposed by law on the power of alienating lands in Missouri.  On the contrary, as they are here easily obtained, every facility is afforded to the owner to alienate, in order that they may better serve his purposes, when he thinks he can better his condition by alienating, and our Legislature, have interposed to remove many of the obstacles which the courts of chancery in England, by their own authority, have created, to prevent a forfeiture of the mortgaged premises by a failure of the mortgagor to pay the money due on the mortgage at the appointed day. It is true, as contended in argument, that the law still deprives the borrower of money of the power to bind himself to pay a greater interest than ten per cent per year, and might, perhaps, with equal propriety, restrain the power of alienating lands; but the legislative power has not deemed it expedient to do so, it has simply declared, that when the mortgagee &c., shall file the petition, these proceedings to enable him to collect his money, shall take place, leaving individuals at liberty to settle their own business after their own way, when they choose so to do.   For neither the sheriffs, nor the clerks appear to be such favorites with the legislature, that mortgagor and mortgagee should be compelled to go into court in order to contribute to their emoluments, nor does the policy of our constitution and laws render the support of a landed aristocracy so necessary, that courts of law here, should, like the courts of chancery in England, outstrip the legislature in zeal to restrain the alienation of real estate. It not appearing then, that this mortgage deed was improperly obtained by McDaniel, from the deceased, John Anderson, the intestate of the defendants in error, I see no reason why, in a court of law, it should not be held valid.— The regularity of the proceedings under the deed of mort-

JUNE TERM 1840.

Carson adm'r.
of Stephens
vs.
Blakey and
Love adm'rs
of Anderson.

A deed of mortgage with a power of sale in the mortgagee, is valid in this state; and a sale by the mortgagee, if made in pursuance of the provisions of the deed, vests in the purchaser a valid title.

S

JUNE TERM 1840.

Carson adm'r. of Stephens vs. Blakey and Love adm'rs of Anderson.

Napton judge dissenting.

gage have not been questioned. The judgment of the circuit court ought then, in my opinion, to be reversed, the President of the court concurring in that opinion the judgment is reversed, and the cause remanded for further proceeding.

### Dissenting opinion of Napton Judge.

I am not satisfied, that in this state, a person should be allowed to unite in himself the character of mortgagee and trustee with powers of sale; the practice has obtained in England, but has grown up in comparatively modern times. The same practice has been sanctioned by legislative provision in New York, but has been repudiated in Virginia for reasons, which appear to me entitled to great weight.— Deeds of trust have so commonly obtained, in this country, as to enable the creditor, who is desirous of avoiding the delays of procuring a foreclosure, to attain all the ends of a security without a resort to court. But in those deeds the creditor cannot unite in himself the inconsistent character of trustee. I incline, therefore, to the opinion that the judgment be affirmed.