Hickey vs. Ryan.

HICKEY, DEFENDANT IN ERROR VS. RYAN, PLAINTIFF IN ERROR.

1. Pecuniary embarrassment, at the time of the sale of property, unaccompanied with other circumstances, is not sufficient evidence of an intent to defraud creditors.

2. It is error in the court, in giving instructions, to refer questions of law to the determination of the jury: 6 Mo. Rep., 273.

ERROR to St. Louis Circuit Court.

HILL, for plaintiff in error.

1. The verdict was against evidence, and for more than plaintiff's whole claim, under his bill of particulars.

Hickey vs. Ryan.

2. The set off of the notes, ought to have been allowed. They were clearly proved, and nothing was shown to impeach them.

3. The third instruction of the court compelled the jury, under the proof, to find a verdict for the defendant, and to allow the notes as a set off.

4. The fourth instruction of the court authorizes the jury to find a verdict on a state of facts that had no existence in proof. The jury were thereby authorized to infer and to find that the notes were fraudulent, without evidence. This was clearly an error. See 8 Mo., Vaulx vs. Campbell's executor, 227; Cleveland vs. Davis, 3 Mo. Rep., 331; Choutpau vs. Searcy, 8 Mo. R., 737, *in piont.*

5. The second instruction of the plaintiff, given by the court, was erroneous, in leaving to the jury the question, whether defendant's set off *was legal or not:* Garasche's case, 8 Mo.

HUDSON, for defendant in error.

1. The verdict and judgment in the court below ought not to be disturbed, because the whole subject in controversy, was submitted to the jury under proper instructions from the court; the circuit court having heard the whole case, refused to set aside the verdict of the jury.

2. The case presented by the record shows conclusively that the judgment of the circuit court was for the right party, and the verdict sustained by the evidence.

3. The evidence shows the indebtedness of Ryan to Hickey to be much greater than the sum recovered. The argument of counsel (unsupported by evidence) that Ryan had paid Hickey money from time to time, may, for the sake of the argument, be admitted as true; yet, it would be unjust to require Hickey to apply such payments to any portion of his demand against Ryan, except the claim first due. It will be seen, on inspection of the record, that all evidence as to a considerable portion of the plaintiff's demand was excluded by the circuit court upon the ground that it was bound by the statute of limitation.

4. The notes relied on, by the defendant below, as an offset in the case, were without consideration, and so found by the jury. The circuit court recognized the verdict as correct; and accordingly overruled the motion for a new trial. That court heard the whole case, and fully understood the weight to which the evidence was entitled.

5 This court has so often refused to disturb the verdicts of juries in cases of conflicting testimony, that it is deemed unnecessary to say anything on that point.

6. The jury had a right to allow the plaintiff interest on the amount found to be due, from the date the same ought to have been paid; and there can be no doubt, that the jury did, in making up their verdict, compute the interest on the plaintiff's claim. Such being the fact, the amount was not beyond what the evidence fully warranted.

SCOTT, J., delivered the opinion of the court.

This was an action of assumpsit, brought by Hickey against Ryan, for services rendered. Hickey recovered judgment, upon which this writ of error is prosecuted by Ryan.

Hickey was employed by Ryan for a number of years, as a laborer, at $14 00 per month, until his account amounted to a considerable sum. During the course of his employent, or shortly after its termination, Ryan obtained from him promissory notes amounting to $1400. There was some proof that the consideration of these notes was the sale of an

Hickey vs. Ryan.

ice house. The subscribing witness to two of the notes, testified, that "to the best of his recollection, they had something to do with an ice house transaction, and sale of an ice house, by Ryan to Hickey." Ryan, he "thought, was embarrassed in his affairs, at the time." There was no evidence as to the consideration of the other two notes. The defence to the notes, was, that there was no consideration for them, and that the sale of the ice house, by Ryan, was for the purpose of defrauding his creditors. There was evidence, showing that Hickey sold ice for Ryan for a considerable time and that he accounted with him for money received in the course of his employment. The defendant pleaded to the plaintiff's declaration, the general issue—set off for goods and merchandise, money paid and laid out, money had and received upon an account stated, and the statute of limitations of two and five years. Issues were on these pleas, and the trial resulted in a verdict for the plaintiff for $1,045 80, of which the sum of $42 00 was afterwards remitted.

The court gave the following instructions, at the instance of the plaintiff:

1. "That if the jury believe from the evidence, that the plaintiff was in the employment of the defendant, and rendered him services, they should allow him for such services, as much as they believed from the evidence, the same were reasonably worth—not to exceed fourteen dollars per month, for the time he was so employed, but not to exceed the limitation specified in the second instruction given for defendant. That if the jury believe from the evidence, that the plaintiff rendered services or performed labor for defendant, at his request, the plaintiff is entitled to recover for the same, unless the defendant has established by evidence, that he has paid for such services or labor, or has a legal and just offset against the same. The jury may allow interest, on the amount found to be due the plaintiff, from the date of the institution of this suit."

The court, of its own motion, gave the following:

As to the extent of the plaintiff's claim.

3. The jury are instructed that the plaintiff's claim in this action, is restricted to work and labor, and that he is not entitled to recover at their hands, any allowance of the proceeds, of ice, belonging to him, but received by the defendant.

As to the limitation.

4. The plaintiff can only be allowed, in this case, for work and labor, from and after the 3d day of October 1841: all prior to that date the jury will exclude.

As to the consideration of the notes.

5. The jury are instructed, that these, on their face, import a good and valuable consideration; and if the jury shall be satisfied from the evidence, that they were executed by the plaintiff, and delivered to the defendant, it is for the plaintiff to establish by proof, satisfactory to the jury, that there is no such consideration. Neither a want, nor a failure of consideration is made out by showing the receipt, by the defendant, of moneys arising from the sale of ice, to which the plaintiff was entitled.

As to the question of fraud, made in this case.

6. The court instructs the jury that fraud must be proved; but this rule does not exact direct and positive proof. It is only meant to signify to the jury, that while the existence of fraud may be presumed, whenever the facts and circumstances, disclosed by the evidence, render such presumption just and reasonable, yet, that without such evidence, no such presumption can be indulged in by the jury.

The court is asked to instruct you, to the effect, that no man can take advantage of a fraud, to which he is a party. This is so, but it is equally true, as a general proposition, that the law withholds its assistance, or protection from both parties to a transaction, shown to be fraudulent, and in which they concur. If, therefore, the jury shall be satisfied from the evidence of the notes or any of them, that Ryan was embarrassed in his circumstances, and that the said notes, or any of them were executed in fulfillment of a design between the parties thereto, to hinder, delay or keep off Ryan's creditors, or to cover up or conceal his property from them, then the said notes or such of them as shall be shown to have been made for that purpose, cannot be allowed the defendant, in set off.

The defendant asked the following, which were refused:

1. The plaintiff is not authorized to set up as a claim in this case, any moneys received by Ryan for the ice of the said Hickey, or for any money received from the proceeds of said ice sold for Ryan by said Hickey, and for which ice the notes were given; the claim of the plaintiff, in this case, must be confined to his bill of particulars, filed, and the whole scope of the plaintiff's claim is for work and labor.

2. Before the jury can find that the notes in question were made in fraud, or without consideration, they must be satisfied, from the evidence, that such fraud or want of consideration, has been proved and established by competent proof; and the jury are to consider that fraud, in every, must be proved by satisfactory evidence, and cannot be presumed; and the jury are, also, to consider that no party can insist in

defence or to avoid his notes, upon his own fraud or any fraud to which he is a party.

3. If the jury believe from the evidence, that the plaintiff executed the notes to the defendant, then the jury is instructed, that by the law, the said notes import a good and valuable consideration, and the amount thereof is a set off in this case, and the plaintiff cannot be permitted to set up that said notes were executed by him, to defraud the creditors of Ryan.

4. *Fraud, in any case, cannot be presumed, but must be proved, and no man can take any advantages of or found any defence upon his own fraud, or a fraud to which he is a party.*

5. If the jury should allow the plaintiff for any moneys, that Ryan may have received for the ice sold by Ryan to Hickey, the said Hickey would not be barred, under the issues in this case, from suing for the same moneys received by Ryan for such ice.

6. The jury are instructed, not to allow the plaintiff in this case, any thing for any moneys received by Ryan for ice sold by Hickey.

7. The jury are instructed, that in their consideration of this case, they are confined to the issues made by the parties, in their pleadings.

8. The plaintiff cannot recover, nor set up any claim in this case beyond the bill of particulars filed, which limits the claim of the plaintiff to work and labor. The plaintiff in this action, for moneys received by Ryan for ice of Hickey, such claim being properly cognizable and the subject of another action, and the allowance of such a claim in this suit would operate to the injury of the defendant, by giving the plaintiff the opportunity of recovering twice for the same cause of action.

It is impossible for one to read the record in this cause, without feeling some misgivings as to the propriety of the verdict. It is hard to believe that Hickey, who was a poor laborer, should serve for five years, almost continuously, except when sick, without receiving some portion of his wages. The verdict has allowed him for all his services, not barred by the statute of limitations. He worked at the rate of $14 per month, until his services amounted to upwards of $1000, and during that whole time, it would seem, never received a cent. How he obtained his clothing, from what source he derived his pocket-money, we are left to conjecture. If his situation in life is considered, and the ability of Ryan to pay wages, our experience of the transactions of men, should admonish us not to lend too ready an ear to the probability of such an occurrence. On the other hand, the existence of the notes in the possession of Ryan, is very mysterious, and, although, by law, they import a consideration, and devolve upon Hickey the necessity of

avoiding them, by showing a want of consideration, fraud or other defence, yet, under the circumstances, a jury would be warranted, on slight evidence, in finding against their validity. It is evident, that the transactions between the parties, if we may judge from the record, was not fully explained to the jury. These observations are made, not as a reason for granting a new trial on the evidence, but as a justification for a thorough sifting of the instructions, in order to ascertain whether they are freed from all objections.

The instruction of the court, in relation to fraud, was, perhaps, too broad, taking into consideration, the slight evidence on which it was founded. Indeed, if all the evidence on the subject, is preserved in the record; it may be questioned, whether it would have warranted an instruction, at all, relative to that matter. As the instruction, however, was brought out by the conduct of the defendant, in first asking one, on the subject of fraud, which was properly refused, he cannot complain that a proper one was given in relation to that matter; especially, as it seems a substitute for that sought by him. The only evidence of fraud, as to creditors, was that of the witness who thought that Ryan was embarrassed, at the time of the sale of the ice-house. Pecuniary embarrassment, at the time of the sale of property, unaccompanied with other circumstances, is not sufficient evidence of an intent to defraud creditors. There is no proofs, showing how the embarrassment eventuated. Whether it was succeeded by insolvency, or by inability to discharge his obligations, we are not informed. Insolvency is not an inevitable consequence of pecuniary embarrassment.

The instruction of the court, in relation to the set-off, given at the instance of the plaintiff, is objectionable—6 Mo. Rep. 273. The word "set-off" should not have been qualified with the words "legal and just." Such an instruction referred a matter of law to the jury, and directed them that their sense of justice might override the law. The overloading of the words of an instruction with epithets, in the hope of obtaining, thereby, an advantage in the argument before the jury, is not a very safe practice. It may frequently lead to reversals.

Judge Ryland concurring, the judgment is reversed and the cause remanded.

Judge Gamble did not sit in the cause.