JOHN C. LOHRUM, Defendant in Error, *v.* GOTTLIEB EYERMANN, Plaintiff in Error.

### April 9, 1878.

In a suit on a special tax-bill for macadamizing, guttering, and paving a street, under a contract with the city, the fact that the grading, done under the same contract, raised the street in front of defendant's lot so as to depreciate its value is no defence against the special tax-bill. The grading was done at the city's expense, and whether defendant had a remedy against the city for the damage done by change of grade does not affect the question of the liability on the special tax-bill.

ERROR to St. Louis Circuit Court.

*Affirmed.*

H. D. LAUGHLIN, for plaintiff in error.

GEORGE W. HALL, for defendant in error.

BAKEWELL, J., delivered the opinion of the court.

This is an action upon a special tax-bill for $1,146.65. There was evidence tending to show that the property charged was improved; that it fronts upon the Gravois Road, in the city of St. Louis, and was about a foot above the original grade of that street, which had been graded, macadamized, and improved at this point even before this property was included in the city by the extension of the limits; that shortly before the passage of the ordinance authorizing the work for which this tax-bill was issued, without the knowledge or consent of defendant's testatrix, — the owner of the property, — the city, by ordinance, so changed the grade of the street at this point as to raise the street many feet above this property; that, under the same contract which authorized the curbing, guttering, and macadamizing set forth in this bill, plaintiff also did the grading of the street, and in accordance with his contract and the ordinance in raising the grade, he made a high embankment of earth in front of this property, on which embankment, then constituting the public street at this point, he did the work sued for in this tax-bill; that the making of this embankment depreciated the value of the lot of defendant's testatrix in front of which the work was done, so that, wholly in consequence of this raising of the street, the lot and improvements, which were worth $6,000, became worth only $4,000. The judgment below was for plaintiff, and defendant brings the case here by writ of error.

The record presents only one question for our determination, which is raised by the refusal of instructions asked by defendant. That question is, whether the facts above set

forth constitute a defence to the *prima facie* case made out by plaintiff's tax-bill. Plaintiff in error simply states the case and submits it for our determination, with the suggestion that, as the whole system of special taxation is upheld by the courts upon the idea that the property fronting the work has been benefited, and as, in this case, the improvement worked merely an injury, no recovery can be had upon the tax-bill.

It is true that the theory of the law is that the work done is a benefit, which compensates for the special burden imposed; and that it is said that the property-holder should not be compelled to assume the burden of a special tax from which he receives no corresponding benefit. *Kiley* v. *Cranor*, 51 Mo. 542; *Zoeller* v. *Kellogg*, 4 Mo. App. 163. If this tax-bill was for grading the Gravois Road, or changing its grade in front of defendant's lot, it might be contended that to permit its collection would be to assess him for a benefit to the general public from which he receives a special damage, in violation of a recognized restriction upon the taxing power. But such is not the fact. The grading of the Gravois Road has injured the property of defendant. For that injury, in the absence of legislation on the subject, defendant would have no remedy, because a city has the right to change the grade of its streets, and is not liable for damages consequent upon its action in this respect (*St. Louis* v. *Gurno*, 12 Mo. 414; 14 Mo. 23; 15 Mo. 65); and those who purchase lots bordering on streets are supposed to calculate the chance of such changes of grade as the municipal authorities may direct in what they may deem to be the interests of the general public. How far the defendant may have, or might have had, a remedy for any injury done him by the alleged change of grade, under the provisions of art. 12, sec. 1, of the revised City Charter of 1870, making the city liable to owners of real estate upon which permanent buildings have been erected, for damages caused by changes of grade, it is not necessary to

inquire. It is enough that for the filling or raising the street, necessitated by the change of grade which caused the damage in the present case, the owner of this property is not specially taxed. The special tax imposed upon this property, and which plaintiff seeks to recover in this action, is for the curbing, guttering, and macadamizing of the street as it now exists; and by this work the defendant has certainly sustained no damage. On the contrary, this, whilst beneficial to the general public, is a greater and a special benefit to the property-holder whose lot abuts upon the street. If the street, when raised to the required grade, were left without paving, so as to render it difficult or dangerous to travel, the property charged with this special tax-bill would be inaccessible, and probably worthless.

The principle invoked by defendant seems, therefore, to have no application to the present case. We think that the Circuit Court committed no error in overruling the instructions by which it was sought to apply that principle to the facts of this case, and the judgment of the trial court is affirmed. All the judges concur.