# CASES

## ARGUED AND DETERMINED

### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

### OCTOBER TERM, 1869, AT ST. LOUIS.

[CONTINUED FROM VOL. XLIV.]

———◆●◆———

STATE *ex rel.* WILLIAM H. READ, Plaintiff in Error, *v.* W. W.
WEATHERBY *et al.*, Defendants in Error.

1. *Facts preliminary to order of County Court — Corporations — Towns,
   establishment of.*—In alleging the existence of a town created under chapter
   41, Gen. Stat. 1865, it is not necessary to set out the existence of the facts on
   which the order of the County Court establishing the corporate existence of
   the town was founded. The court had jurisdiction of the subject, and the
   propriety and regularity of its action is to be presumed until the contrary
   appears.

2. *Quo warranto — Towns and townships — County Court, order of — Fraud.—*
   In *quo warranto* proceedings against persons for usurping the franchise of
   trustees of a town, under pretense that the inhabitants were a body corporate,
   under chapter 41, Gen. Stat. 1865, the only question to be determined is the
   legal existence or non-existence of the corporation. And where the order of
   the County Court establishing the town corporation is shown by the answer
   to be unobjectionable, a replication charging that the granting order was
   fraudulently procured by the applicants, is *dehors* the record and improper.

3. *Towns — Chapter 41, Gen. Stat. 1865, constitutional.*— Chapter 41, Gen.
   Stat. 1865, concerning towns, etc., is constitutional. (Kayser v. Bremer, 16,
   Mo. 88.)

2—VOL. XLV.

### *Error to Sixth District Court.*

*Boulware & Reed*, for plaintiff in error, cited The People v. Utica Ins. Co., 15 Johns. 387, 388 ; Thompson v. The People, 23 Wend. 567 ; The King v. Leigh, 4 Burrows, 2145 to 2147 ; Art. III, Const. Mo. ; People v. Wren. 4 Scam. 269 ; Sloan v. State, 8 Blackf. 361 ; Cheney v. Hosier, 7 Mun. 334 ; State v. McBride, 4 Mo. 303 ; Dartmouth College case, 4 Wheat. 518.

*Carr*, for defendants in error, cited Betts v. The City of Williamsburgh, 15 Barb. 255 ; Wood v. Peake, 8 Johns. 69 ; 3 Hill. 243 ; Griffith v. Bogart, 18 How. 158 ; Wyman *et al.* v. Campbell, 6 Porter, 219 ; 9 Wend. 382 ; 8 Wend. 645 ; Fry v. Bennett, 5 Sandf. 54 ; Garman *et al.* v. Lennox, Ex'r, 15 Pet. 115 ; 4 Cranch, 333 ; 3 Cranch, 229 ; 12 Barb. 573 ; State *ex rel.* Hequembourg v. Lawrence, 38 Mo. 535 ; Syme v. Steamboat "Indiana," 28 Mo. 335 ; Kayser v. Trustees of Bremen, 16 Mo. 88.

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding in the nature of a writ of *quo warranto.* The information alleges that the defendants have "unlawfully usurped, and are now wrongfully holding and exercising the franchise of passing ordinances providing for the levy of taxes on the property of the inhabitants" of the town or village of Shelbina, in the county of Shelby, under the false pretense that the "inhabitants of said town are a body politic and corporate, under and by virtue of the provisions of chapter 41" of the General Statutes of the State of Missouri ; that the defendants are also, in like manner, unlawfully exercising the franchise of appointing persons to collect such taxes, etc., and prays that the defendants may be required to show by what authority of law these franchises are being exercised by them ; that judgment of ouster may be awarded, a suitable fine imposed, and costs recovered. The return denies the alleged usurpations, but admits the doing of the specific acts charged ; and then proceeds to allege that the defendants were therein in the lawful and proper exer-

cise of the duties of " trustees of the inhabitants of the town
of Shelbina;" that the inhabitants of said town constitute a
body politic and corporate, having been so " organized and
established by virtue of an order of the County Court of said
Shelby county, made and entered of record on the 5th of March,
1867;" that the defendants were duly appointed or elected trustees
of the corporation thus constituted, and that they have since
exercised the franchise in question, in virtue of the " authority
thus conferred, and the authority contained in chapter 41 of the
General Statutes." A demurrer to the return having been over-
ruled, the relator replied, admitting that the Shelby County
Court, March 5, 1867, entered on its records an order declaring
the people of said town incorporated by the name of the " Inhabi-
tants of the town of Shelbina," and designating the metes and
bounds of said corporation. The reply then proceeds to allege
that the order aforesaid was fraudulently made and procured on
the part of the applicants therefor, and of the court granting it;
setting out the particulars of said supposed frauds, and showing,
among other things, that the petition upon which the court acted
in granting the order and entering it of record, was not, as the
law required it should be, signed by two-thirds of the taxable
inhabitants of said town. This is substantially the state of the
pleadings. On the trial the relator offered evidence tending to
prove the facts averred in the reply. This evidence was objected
to and excluded on the ground that the order of the Shelby
County Court, declaring the inhabitants of the town of Shelbina
a body politic and corporate, was judicial in its character, and
that until annulled it was conclusive of the existence of the facts
required to be shown as a condition to the grant of the order;
and for the further reason that the facts offered to be proved
could alone be inquired into upon a proceeding against the inhabi-
tants of the town in their corporate name.

1. The demurrer to the return was properly overruled. It
was not necessary, in alleging the existence of the corporation,
to set out the facts preliminary to the grant of the order, and
upon which the order was founded. (12 Barb. 573.) The order,
and not the antecedent facts, brought the corporation into being.

The presence of these facts is to be presumed from the fact of the order until the order itself is attacked and overthrown. The court had jurisdiction of the subject, and the propriety and regularity of its action is to be presumed until the contrary appears. Its finding and judgment in the premises, until set aside, must be deemed conclusive of the main fact here sought to be drawn in issue. This principle is applicable to the acts and judgments of all courts of record having jurisdiction of the subject matter of such acts or judgment. (See Kayser v. Trustees of Bremen, 16 Mo. 88 ; Betts v. Williamsburgh, 15 Barb. 255 ; 1 Greenl. on Ev., part 3, ch. 5.)

2. The question of the existence or the non-existence of the supposed corporation was put directly in issue by the pleadings, and, in my opinion, properly. The information alleges, and it proceeds throughout upon the theory, that there was no such corporate existence as the defendants claim. The inquiry whether there was such a corporation, was not collateral, but primary and direct. It is not charged that the defendants intruded into an office, but that they usurped a franchise — no corporation, and, consequently, no corporate office existing. In England a franchise is concisely defined to be a "royal privilege in the hands of a subject." In this country it is defined as a privilege of a public nature, which can not be exercised without a legislative grant. With us, therefore, the wrongful assumption of powers, which can alone be rightfully exercised when granted by the sovereign authority, is a violation of a sovereign franchise. (Ang. & Am. on Corp. 697.) The violation of such sovereign franchise is precisely what the defendants are charged with doing. They admit the assumption of the powers, but aver the grant of authority. In other words, they allege the existence of the corporation (which the relator denies), and that they are legal officers of that corporation, and that as such they exercise the franchise in question. The controversy turns wholly upon the question of the existence or non-existence of the alleged corporation. The replication itself admits that existence de facto, and de jure as well, for it admits the order calling the corporation into being. That order is spread upon the records of the

County Court of Shelby county. It is regular upon its face, and is *prima facie* evidence, at least, that the inhabitants of the town of Shelbina are a body politic and corporate. The record is unobjectionable upon its face, and the relator seeks to attack the corporation for matters *dehors* the record — matters *in pais*. He shows, in a word, that an existing institution had its origin in fraud, and that it ought not, therefore, longer to continue. But this position is fatal to the theory and allegations of the information. This is not the Vernon county case at all. (State *ex rel.* Douglass v. Scott, 17 Mo. 521.) There the supposed corporation never had even a *prima facie* existence. The act which proposed to establish the new county was held unconstitutional and void. It was a nullity from the beginning; it was as though no such act had ever been passed. Not unlike this is the case from Massachusetts (Commonwealth v. Bowler, 10 Mass. 295). Both cases sustain the theory of the relator's information; but the theory of the information and the facts stated in the replication are in conflict, and can not stand together. If the pleadings and evidence offered affirmed the proposition that no corporation existed, either *de facto* or *de jure*, then the relator would be entitled to judgment. But facts which go to show simply that the corporation never ought to have existed, do not sustain the allegations that it never did exist. Where one of these minor municipal corporations, contemplated by the statute, is found in apparent legal existence and operation, the order of court establishing it regular and proper upon its face, the holding of it to be a mere nonentity because of matters antecedent to the order, could not fail to be unjust and mischievous in its effects upon innocent and morally unoffending parties. It is true that these inconvenient consequences do not determine the state of the law. It is proper to take them into consideration, however, as an inducement to cautious and circumspect judicial action.

3. But the relator insists that the statute (Gen. Stat. 1865, ch. 41) providing for the incorporation of towns, under which the Shelby County Court acted, is unconstitutional and therefore void, and consequently that the order of the County Court based

McPheeters v. The Hannibal and St. Joseph R.R. Co.

on that statute is, upon its face, void and of no effect. This enactment, substantially in its present form, has been upon the statute books of the State for some forty years. Its operation has been useful and beneficent, and its provisions are in harmony with the policy of American legislation on the subject therein embraced; and, what is more to the purpose, the constitutionality of the enactment has been passed upon and definitely settled by a prior adjudication of this court. The point was distinctly made and clearly adjudicated in Kayser v. Bremen, 16 Mo. 88. We are satisfied with that decision and have no disposition to disturb it.

The other judges concurring, the judgment of the court below is affirmed.