———o———

FELIX JEFFRIES, Respondent, *vs.* W. R. WRIGHT, *et al.*, Appellant.

1. *Justice of Peace—Transcript—May embrace several judgments.*—A justice of the Peace in certifying transcripts from his docket, may embrace several judgments in one certificate, and it will not be necessary to certify each judgment separately.

2. *Judgment of Justice—Appeal—Parol proof as to summons, etc.*—The judgment of a Justice of the Peace cannot be attacked on appeal therefrom to the Circuit Court, by parol testimony, in contradiction of the Constable's return showing that he had never served summons upon defendant. Even the judg-

ments of courts having inferior jurisdiction are not obnoxious to collateral attacks, when the facts necessary to confer jurisdiction appear affirmatively on the face of the proceedings.

*Scire facias—Sheriff's return—Pleadings, etc.*—In proceedings in *scire facias* to revive a judgment, defendant cannot plead anything contrary to the sheriff's return; nor anything else which he might have pleaded in the original suit.

### *Appeal from Miller County Circuit Court.*

*Geo. T. White,* for Appellant.

The judgment is on its face void, as the transcript does not show that the service was made in time to give the justice jurisdiction. (Sanders vs. Rains, 10 Mo., 770 to 73.) Jurisdiction will not be presumed as to inferior courts, (Bersch vs. Schneider, 27 Mo., 101.)

The Circuit Court erred in not permitting us to show that we had not been served with process. (Van Rensselaer vs. Ogden, 7 How. Pr., 297; Wallis vs. Lott, 15 How. Pr , 567; Black's case, 4 Abbott, 162.) The rule that will not call in question the return of the Sheriff or Constable, applies only where the return is very regular on its face. (Stewart vs. Stringer 41 Mo., 407.)

The transcript should show on its face that the justice had jurisdiction. He is confined strictly to the county, and this must appear by record, which is wanting in this case. (State vs. Metzger, 26 Mo., 66; Walker vs. Turner, 9 Wheat., 549; Powers vs. People, 4. John., 292; Thomas vs. Tanner, 14 How. Pr., 426.)

*E. L. King & Bro.,* for Respondent.

There was no material irregularity in the proceedings had before the justice, and if there had been, it appearing that the justice had jurisdiction of the subject matter and that the appellants had actual notice of the proceedings, the irregularities if any, cannot be inquired into in this proceeding; hence we insist that the Circuit Court committed no error in reviving the judgment of the justice. (McNair vs. Biddle 8 Mo., 257; Perryman vs. Relfe, Admr., 8 Mo., 208; Higgins vs. Peetzer, 49 Mo., 152; Martin vs. McLean, 49 Mo., 361.)

The certificate of the Justice, to the transcript, is sufficient, (8 Mo., 208.)

SHERWOOD, Judge, delivered the opinion of the court.

This was a proceeding instituted in the Circuit Court of Miller County, by Felix Jeffries to revive by *scirc facias* the lien of a judgment obtaimed by him before a Justice of the Peace, against W. R. Wright and others; a transcript of which judg-. ment had been filed in the office of the Clerk of the Circuit Court of that county.

The defendant filed an answer in the nature of a plea of *nul tiel record,* denying that plaintiff had recovered judgment against them or either of them, and stating that the justice had no jurisdiction over the subject matter, or over either of the defendants, at the time said judgment was alleged to have been rendered; that the judgment was a nullity and was obtained without giving defendants or either of them an opportunity to be heard, etc., and denying that said judgment or the filing of a transcript of the same became a lien. etc. Upon the trial, the plaintiffs offered to read in evidence the transcript of the judgment, which was in this form :

Felix Jeffries vs. W. R. Wright, John Cross, Bluford Barton & John. Williams :  Justice's Fees.

Four Summons, 25c; Swearing two witnesses, 10c; Judgment, 35c; Subpoena, 22c; Execution, 25c; Constable's fees, serving four Subpoenas, $1.00 ; Two Subpoenas, 50c; Witnesses, James M. Smith, 50c; W. H. Smith, 50c. Filed Nov., 15th 1862, an account for the use of sorrel mare one year, $90,00.

Summons issued, returnable the 8th day Dec., 1862.

Summons returned as served on the 8th Dec. law day, plaintiff appeared in person.  Defendants made default: after hearing allegation it is considered plaintiff have judgment, for $50, and costs of suit.  Execution issued the 2d day of Jan., 1863, returnable in sixty days.  Returned no property.

Certificate on other page.

E. L. SHORT, J. P.

STATE OF MISSOURI, }
  County of Miller. }

I, E. L. Short, an acting Justice of the Peace, of Richwood

Township in Miller County, certify the foregoing are true and complete transcripts, of the docket entries in the two foregoing cases, had before me.

Given under my hand, this the 10th day of March, 1863.

E. L. Short, J. P.

Defendants objected to this transcript being read in evidence and assigned as grounds of such objection:

That it did not appear from the face of said transcript, that defendant had been properly served in Miller County within the proper time, that the Justice waited three hours for defendant, or that he heard any proofs, and rendered judgment for so much as the testimony showed he was entitled to, and that there was no proper certificate of the justice to the transcript.

These objections being overruled, and the transcript read, defendants excepted. " Plaintiff rested his case. "

Defendants then offered to show by parol evidence that the Constable never served the summons upon them, which was alleged to have been served in the transcript.

This the court refused to permit them to do, and they again excepted. The Court then gave judgment reviving the lien of the judgment.

Defendants then, after moving unsuccessfully for a new trial and in arrest, bring the case here by appeal.

Section 53, p. 598, 1 Wag. Stat., provides: " Copies of proceedings before Justice of the Peace, certified by the justice before whom the proceedings are had, shall be evidence of such proceedings, or by him in whose lawful custody they are. "

"And § 15, 2d, Id., p. 839, provides:

"No judgment rendered by a Justice of the Peace shall be stayed, or in any way affected by reason of any informality in entering such judgments, or other entry required to be made in the docket, or for any other default or negligence of the justice or constable, by which neither party shall have been prejudiced."

It will be thus seen that these transcripts are made evidence

by law, and also that the Legislature (by wise forethought and timely precaution) has made provision against the probable blunders and inaccuracies of these inferior tribunals which adjudicate upon matters of lesser litigation.

But the transcript in this case is well enough, and although not punctuated, indicates with sufficient clearness that the justice had acquired jurisdiction, and proceeded in due course of law to judgment.

It would be indeed a grievous hardship if a plaintiff's rights could be defeated, merely because the justice who tries the cause was not conversant with the rules of punctuation. And no valid objection can be urged to the manner in which the justice has certified this transcript.

In Perryman vs. The State, 8 Mo., 208, the court holds that a Justice of the Peace in certifying transcripts from his docket, may embrace several judgments in one certificate, and it will not be necessary to certify each judgment separately.

The court ruled correctly in not permitting defendants to prove by parol that the constable had never served the summons upon them. It is not permitted to thus collaterally attack even the judgment of a justice of the peace.

In Putnam vs. Man, 3 Wend., 202, it was held that a person who was a constable might serve a summons *in his own favor* issued by a justice of the peace, and that his return could not be impeached in action of trespass for an arrest under an execution, issued on a judgment rendered on the return of such summons.

That if the return was false the remedy was by action for *a false return.*

That the return was conclusive against the defendant in the cause in which it was made.

In like manner in Wheeler vs. Lampman, 14 John., 481, it was held that the return of a constable is not traversible.

In Hallowell vs. Page, 24 Mo., 590, this court held that the return of a Sheriff regular on its face was conclusive, and could only be impeached in a collateral action for its falsity: that to "permit the parties to an action to controvert the truth

of the return of the officer, deputed by law to serve process, would produce great delay and embarrassment in the administration of justice. "

It is not perceived why the same reasoning would not with equal cogency apply to the return of a Constable. He too "is an officer deputed by law to serve process;" and the suits which would ensue upon a contradiction of his returns, would parallel in degree though not in result the impeachment of those of a Sheriff.

The precise point in question has never been passed upon by this Court, although in Montgomery vs. Failey, et al., 5 Mo., 223, where an action of ejectment was based on the transcript of a judgment of a Justice of the Peace, on which an execution had been issued out of the office of the Clerk of the Circuit Court, in which said transcript had been filed; and on the trial of the ejectment the defendant offered to prove, in order to invalidate the judgment obtained before the justice, that at the time suit was commenced, he did not reside in the township of St. Louis in which the justice resided and in which the judgment was rendered against him; this court in affirming the judgment of the Circuit Court, held that the record of a judgment offered in evidence in another suit, could not be invalidated by matter *in pais*. The parties in that case and in the one before the justice were the same; and the judgment rendered by the latter *showed jurisdiction on its face*.

It is true that the defendant in that case did not attempt to contradict the return of the officer, but he attempted to reach the same result which would have followed such contradictions; *i. e.* the overthrow of the judgment of the justice for want of jurisdiction.

The cases of Caldwell vs. Lockridge, 9 Mo., 362; The State to use of Collins vs. Stephenson, *et al.*, 12 Mo. 178; State vs. Metzger, 26 Mo., 65; Bersch vs. Schneider, 27 Mo., 101; were all cases where judgments were rendered by courts of inferior jurisdiction, (County Courts and Justice's Courts) and the fact of jurisdiction having been acquired was negatived in the

most positive and emphatic manner by the very face of the proceedings; and in those cases this court held that such judgments could be attacked collaterally. So then, I gather from these authorities of our own State, that even the judgments of inferior courts are not obnoxious to collateral attack, when the facts necessary to confer jurisdiction appear affirmatively upon the face of the proceedings in question. Let such a state of facts be thus disclosed, and the judgments of these inferior tribunals stand upon the same footing of unquestionable verity, as do judgments of courts of general jurisdiction.

In the proceeding by *scire facias* to revive a judgment, the defendant may plead *nul teil record*, (2 Tidd., 1129,) but this plea goes only to the existence of the record (1 Tidd., 651,) and the issue of *nul tiel record* is triable by the record itself, if of the same court, or by the tenor of the record, if of another court, (Tidd., 743, 3 Salk., 321.)

But it is an invariable rule that in proceedings by *scire facias* the defendant cannot plead anything contrary to the sheriff's return; (2 Salk., 601), nor can he plead anything which he might have pleaded in the original action; (2 Tidd., 1130.) If a defendant in this kind of proceeding could not plead anything contradictory to the Sheriff's return, *a fortiori* he would not be permitted to prove it.

And if a defendant is inhibited from pleading anything to the *scire facias* which he might have pleaded to the original action, most certainly he should not be permitted to establish by testimony that which he is precluded from pleading.

Let the judgment be affirmed. The other Judges concur.