GRAY v. BOWLES, *Appellant.*

**Judgments**—VOID OR VOIDABLE: JUDICIAL SALES: SPECIAL TAX BILLS. A city charter provided that every special tax bill should be a lien on, and the judgment rendered in any suit thereon should be levied of, the property in such tax bill described ; and that where the amount of the bill should not exceed $300, any justice of the peace in the city should have jurisdiction thereof, and might render a special judgment as aforesaid. In an action before a justice of the peace in such city upon four special tax bills, two of which described lot 9, and two lot 10, a judgment *in solido* was rendered for $24.20, the aggregate amount of said tax bills, to be levied of both of said lots. The defendant was duly summoned, appeared and defended the action. *Held,* that such judgment, although erroneous and subject to reversal or correction on error or appeal, because not required to be levied of each lot for the amount only of the taxes charged against it, was not void, as it was rendered by a court having jurisdiction of the person and of the subject matter ; and that the title of a purchaser to such property bought at an execution sale in virtue of such judgment was not affected by the error therein.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge

AFFIRMED.

*Bryant, Holmes & Powell,* for appellant.

As the proceeding to foreclose the liens of the special tax bills is purely statutory, and that, too, in a court of limited and purely statutory jurisdiction, the remedy cannot be extended beyond the provisions of the charter. Since the charter provides in express terms that " the judgment shall be special, to be levied of the land described in the bill," it follows that the judgment in this case being against lot 9 for the amount found due on a tax bill which only describes lot 10, and *vice versa,* is an absolute nullity and must be considered as an inadvertent assumption of judicial power not granted by law. *Windsor v. McVeigh,* 93 U. S. 274; *Fithian v. Monks,* 43 Mo. 502; *Sheehan v. Good Samaritan Hospital,* 50 Mo. 155; *State v. Stephenson,*

12 Mo. 178, 182, 183. If the charter were so construed as to authorize or permit a judgment for the amount found due on a special tax bill against land which is not described in such bill, the charter would to that extent be unconstitutional and void, as contravening that provision of the constitution against taking private property for public use without just compensation; and any judgment rendered under it would be an absolute nullity. *St. Louis v. Allen,* 53 Mo. 44; *Taylor v. Palmer,* 31 Cal. 240; *Reily v. Lancaster,* 39 Cal. 354.

*Peak & Yeager* for respondent.

If the justice had jurisdiction of the subject matter of the action and of the persons of the parties, his judgment, like the judgment of a circuit court, however irregular or erroneous, is valid and binding until set aside or reversed, and cannot be attacked collaterally. *United States. v. Arredondo,* 6 Pet. 709; *Sheldon v. Newton,* 3 Ohio St. 498, 499; Rorer on Judicial Sales, § 59; Freeman on Judg., § 117 to 127, §§ 135, 135a; Freeman on Void Judicial Sales, §§ 2, 3, 5; *Grignon v. Astor,* 2 How. 338; *Beauregard v. New Orleans,* 18 How. 502; *Maxwell v. Stewart,* 22 Wall. 79; *Hardin v. Lee,* 51 Mo. 241; *Carson v. Sheldon,* 51 Mo. 436; *Freeman v. Thompson,* 53 Mo. 193 to 198; *Kane v. McCown,* 55 Mo. 199 to 202; *Ellis v. Jones,* 51 Mo. 186; *Jeffries v. Wright,* 51 Mo. 221; *Brackett v. Brackett,* 53 Mo. 266; *Wimberly v. Hurst,* 33 Ill. 166; *Feaster v. Fleming,* 56 Ill. 458; *Chase v. Christianson,* 41 Cal. 253; *Pursely v. Hayes,* 22 Iowa 11. But the justice's court, by express provision of the statute, had jurisdiction of the subject matter of the action. See City Charter, Sess. Acts 1875, p. 252, § 4. And the defendant duly appeared upon the day of trial before the justice and defended the suit. It is the policy of the law to uphold and enforce the proceedings of courts when jurisdiction has attached—and not suffer their judgments to be brought in question in collateral proceedings. *Mayo*

*v. Ah Loy,* 32 Cal. 477 ; *Mayo v. Foley,* 40 Cal. 281 ; Rorer on Judicial Sales, § 171; *Dorsey v. Kendall,* 8 Bush 294; *Fulkerson v. Davenport,* 70 Mo. 541; *Castleman v. Relfe,* 50 Mo. 583; *Hewitt v. Weatherby,* 57 Mo. 276 ; *Sims v. Gray,* 66 Mo. 616; *Ellis v. Jones,* 51 Mo. 181; *Jeffries v. Wright,* 51 Mo. 221 ; *Brackett v. Brackett,* 53 Mo. 266; *Carr v. Spannagel,* 4 Mo. App. 288; *Rugle v. Webster,* 55 Mo. 246; *Anderson v. Ryder* 46 Cal. 134.

NORTON, J.—This was an action of ejectment to recover the possession of lots 9 and 10, in block 5, in Peery Place, an addition to the City of Kansas. The answer was a general denial, and by agreement, the cause was tried by the court without the intervention of a jury. Judgment was rendered for plaintiff, from which the defendant has appealed.

The evidence at the trial developed the following case : The appellant was in possession of the premises sued for at the commencement of the suit, and had been living upon and occupying the same for several years immediately prior thereto, his dwelling house being situated partly on each of said lots. The respondent claimed title through a deed from C. B. L. Boothe, as sheriff of Jackson county, to the said respondent, made in pursuance of a sale of said lots under and by virtue of a special execution, issued from the circuit court of Jackson county, in favor of one John McKenna, and Robert Gray, the respondent, and against Bryson Bowles, the appellant. Said special execution was issued upon a transcript of a special judgment against said lots for $24.20 and costs rendered by one Abram Ellenberger, a justice of the peace, in a suit by said John McKenna and Robert Gray against said Bryson Bowles. The record of said suit before the said justice of the peace (which was in evidence) showed that said suit was instituted to foreclose the liens of four special tax bills for grading Charlotte street, two of which described said lot 9 and the other two of which described said lot 10 ; that upon the trial day of

said suit the appellant duly appeared and defended it; and that the said justice rendered a solid judgment for said $24.20, being the aggregate amount of said special tax bills, and made the whole of said judgment a lien on both of said lots. At the sheriff's sale the respondent became the purchaser of said lots at $16.35 each.

The charter of the City of Kansas contains the following provisions respecting the issue and enforcement of special tax bills for grading streets: "After a contract has been made for the grading of any street,     *     * the common council shall, by ordinance, cause an assessment to be made of the value of all the property to be charged with the cost thereof, exclusive of improvements thereon, by the city assessor, which assessment shall be delivered to the city engineer; and, when such grading shall be completed, the city engineer shall compute the cost thereof, and apportion such cost among the several lots or parcels of property to be charged therewith, according to the values thereof fixed by the city assessor, as aforesaid, and charge each lot or parcel of property with its proper share of such cost.     *     * The city engineer shall, after so apportioning and charging the cost of any work, make out and certify special tax bills, according to such apportionment and charge, in favor of the contractor to be paid, against the several lots or parcels of land charged.     *     * Each tax bill shall contain a description of the lot or parcel of land against which it is issued, full and correct enough to identify the same.

" Every such tax bill shall be a lien on the property therein described.     *     * *In suit on any tax bill the judgment shall be special, and that plaintiff recover the amount found due, including interest, to be levied of the land described in the bill, and a special execution shall issue to sell the land to pay such judgment,* interest and costs, and the judgment shall bear interest at the same rate as the tax bill. When the amount due on any tax bill does not exceed $300, suit may be brought thereon before the recorder of the city, or any

justice of the peace in said city, as in other civil cases, and such recorder or justice of the peace *may render a special judgment as aforesaid,* but to enforce the same a transcript of such judgment shall be filed in the office of the clerk of the circuit court of Jackson county, in said city, and be recorded, docketed and indexed as a judgment of that court, whereupon an execution may be issued out of that court, the same as if the judgment had been rendered in that court." Laws of Mo. 1875, pp. 251, 253, §§ 3, 4.

The chief error assigned is the action of the court in refusing, on defendant's motion, to declare that the judgment of the justice of the peace, read in evidence, under which plaintiff, through an execution sale, claimed title, was void for want of jurisdiction. The sole question for our determination, therefore, is whether said judgment is void. An affirmative answer reverses the judgment, and a negative answer affirms it; for it is well settled that a purchaser at sheriff's sale made under an execution which issued on a void judgment will not be protected in his purchase, and that a title thus acquired may be assailed collaterally, and it is equally well settled that when the judgment is not void but simply erroneous or irregular, and, therefore, voidable, a title acquired by a purchaser in virtue of a sale under an execution issuing on such judgment cannot be assailed on that ground collaterally. When a court has jurisdiction of the subject matter of the action and the parties to it, a judgment rendered by it, although it may be an erroneous, irregular or wrong judgment, cannot be said to be void, but remains valid and binding until reversed or set aside on the ground of such error or irregularity. If, therefore, the justice of the peace who rendered the judgment under which plaintiff claims had such jurisdiction, the question involved in this case is determined by the above rule in his favor.

What, then, is jurisdiction? "Jurisdiction is defined to be the power to hear and determine the particular case involved." Rorer on Jud. Sales, § 59, p. 31. It is *coram*

*judice* whenever a case is presented which brings the power to hear and determine a cause into action ; if the petitioner states such a case in his petition that on demurrer the court would render a judgment in his favor, it is an undoubted case of jurisdiction. " Before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected ; that such complaint has been preferred, and that such person or thing has been properly brought before the court or tribunal to answer the charge therein contained. There can be no doubt that the filing of a petition or complaint, such as not to be deemed sufficient on demurrer, may confer jurisdiction. The power to decide upon the sufficiency of a cause of action as presented in the pleadings, like the power to decide any other legal proposition, though erroneously applied, is binding until corrected by some superior authority." Freeman on Judg., § 118. When there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction, and an erroneous decision of any of these other questions could not impair the validity and binding force of the judgment when brought in collaterally. " It is not the particular decision given which makes up jurisdiction, but it is the authority to decide the question at all. Otherwise all distinction between erroneous exercise of jurisdiction on the one hand and the total want of it on the other must be obliterated." *Chase v. Christianson,* 41 Cal. 253. The same principle has been enunciated by this court in the cases of *Ellis v. Jones,* 51 Mo. 180 ; *Jeffries v. Wright,* 51 Mo. 215 ; *Hardin v. Lee,* 51 Mo. 241 ; *Canon v. Sheldon,* 51 Mo. 436. In the case of *Freeman v. Thompson,* 53 Mo. 183, the following is approvingly quoted from 15 Ohio 435, *Paine v. Mooreland :* " The court once by its process having acquired the power to adjudicate upon a person or thing, it has what is called jurisdiction. * . * The distinction is between a lack of power

or want of jurisdiction in the court and a wrongful or defective execution of the power. In the first instance all acts of a court not having jurisdiction or power are void, in the latter only voidable. A court may then act, first, without power or jurisdiction; second, having power or jurisdiction may exercise it wrongfully, or third, irregularly. In the first instance the act or judgment is void, and is as though it had not been done. The second is wrong and must be reversed upon error. The third is irregular and must be corrected on error."

Applying the above principles to the case in hand, and it is, we think, clear that the justice of the peace had jurisdiction of the parties to the suit, the defendant therein having been duly summoned and having appeared to the .action, and also of the subject matter of the suit, which was to foreclose the lien of four special tax bills on the lots in question. Had such a suit been brought in the circuit court and a demurrer been filed to the petition, would not the court have been compelled to overrule it and hold the petition to authorize a judgment? We think it would. And if on such petition the court, instead of rendering a special judgment against each lot for the amount of taxes charged against it, had rendered a judgment *in solido* against both lots, while such a judgment would be an erroneous or wrong one, subject to be reversed or corrected on appeal or error, it would not be void. *Kritzer v. Smith*, 21 Mo. 297. We are, therefore, of the opinion that the court did not err in refusing to instruct the jury that the judgment under which plaintiff bought the lots was void, and that under the evidence he was not entitled to recover. Judgment affirmed, all the judges concurring.