THE STATE v. EVANS, *Appellant.*

| 83 | 319 |
| 39a | 402 |
| 39a | 408 |
| 83 | 319 |
| 45a | 395 |
| 83 | 319 |
| 51a | 309 |
| 83 | 319 |
| 117 | 116 |
| 117 | 150 |
| 83 | 319 |
| 55a | 343 |
| 83 | 319 |
| 147 | 10 |
| 83 | 319 |
| 99a ² | 80 |

1. **Dramshop Keeper :** INDICTMENT : EVIDENCE. On the trial of an indictment for selling intoxicating liquor without a dramshop keeper's license, a license as such, covering the time of the alleged sales, is a complete defense, and the State cannot show that the petition of the tax-payers, upon which the license was granted, did not contain the requisite number of signers.

2. ——: COUNTY COURT : COLLATERAL ATTACK. The action of the county court in adjudging that the applicant for the license had complied with the law in reference to the same, and in issuing the license is not subject to such collateral attack.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Railey & Burney* for appellant.

The order and judgment of the county court, finding that defendant had complied with the law as to obtaining the necessary signers to his petition and granting him a license, was not collaterally assailable, and defendant could not be convicted while acting under such order. *Milon v. Pemberton,* 12 Mo. 598 ; *Maupin v. Franklin Co.,* 67 Mo. 327 ; *Fithian v. Monks,* 43 Mo. 502, 511 ; *Montgomery v. Farley & Co.,* 5 Mo. 233 ; *Fulkerson v. Davenport,* 70 Mo. 541 ; *Raley v. Guinn,* 16 C. L. J. 92 ; *Scott v. Crews,* 72 Mo. 263 ; *Gray v. Bowles,* 74 Mo. 419 ; *Hallock v. Dominy,* 69 N. Y. 240 ; *Dequendie v. Williams,* 31 Ind. 445 ; *Pulaski County v. Stuart,* 28 Gratt. 872 ; *Harvey v. Tyler,* 2 Wall. (U. S.) 339 ; *Galpin v. Page,* 18 Wall. (U. S.) 350 ; *Bd. Coms. Lawrence Co. v. Hall,* 70 Ind. 469 ; *Voorhees v. Bank of United States,* 12 Pet. 449 ; *Payne v. Moreland,* 15 Ohio 436 ; *Town of Venice v. Mudrock,* 92 U. S. 494.

*D. H. McIntyre,* Attorney–General, for the state.

MARTIN, C.—The defendant was indicted for the offence of selling intoxicating liquor without a license. At the trial he admitted that he had sold the liquor mentioned in the indictment, and in the quantity therein set forth, which did not exceed a pint of each kind of liquor charged to have been sold. Here the state rested.

The defendant then read in evidence a license to him as a dramshop keeper, which covered the time of the admitted sales. It was properly authenticated, under the seal of the clerk of the county court, and after reciting the fact that defendant filed an application to keep a dramshop at his stand in the city of Harrisonville, had paid the license tax and filed a bond which had been approved, purported to authorize him to keep a dramshop at his said stand for the term of six months. The defendant next submitted in evidence the order of the county court granting said license, in which it is recited that a dram-shop license had been granted to defendant at his stand in block 6, lot 16, in the city of Harrisonville, upon a petition heretofore filed; that after examining said petition the court finds that a majority of the assessed tax-payers of both city and block have signed said petition, and that defendant is of good character, the court orders that a dram-shop license be issued for six months, etc.

The state then, against the objection of defendant, submitted in evidence the petition of defendant for dramshop license, the tax-books of Harrisonville and one witness, which it was claimed tended to prove that the petition upon which the license was granted did not contain a majority of the assessed tax-paying citizens of Harrisonville.

The defendant then produced witnesses whose testimony tended to prove that the petition contained a majority of the tax-paying citizens of Harrisonville; that the county court before granting license on the petition, examined said petition and tax books, and heard evidence concerning the legality of the petition, and came

to the conclusion that said petition contained the requisite majority of petitioners to justify the issuing of a license. The court then refused an instruction asked by defendant to the effect that under all the evidence it was the duty of the jury to acquit him. At the instance of the state the court instructed the jury to find the defendant guilty if they believed from the evidence that the license read in evidence was issued without being petitioned for by a majority of the assessed tax-paying citizens of Harrisonville, as shown by the assessment read in evidence. Thereupon the jury returned into court a verdict of guilty, and assessed a fine of $40 against the defendant, from which this appeal is prosecuted.

Exclusive jurisdiction on the subject of issuing licenses for the sale of liquor has been conferred upon the county court. Section 5438, as amended in the session acts of 1883, reads as follows: "Applications for a license as a dram-shop keeper, shall be made in writing to the county court, and shall state, specifically, where the dramshop is to be kept, and if the court shall be of opinion that the applicant is a person of good character, the court may grant a license for six months: provided, however, that if the court shall be of the opinion that the applicant is a person of good character, and the petition required in section five thousand four hundred and forty-two of this chapter contains the proper names subscribed thereto of two-thirds of the assessed tax-paying citizens, as shown by the last previous annual assessment of the city, incorporated town or municipal township, where such dramshop is to be kept, then the court shall grant such license. Session Acts, 1883, p. 87.

Section 5,442, as amended in 1883, declares that "it shall not be lawful for any county court to grant a license to keep a dramshop in any city containing less than 2,500 inhabitants, or in any incorporated town or

municipal township, until a majority, both of the assessed tax-paying citizens therein, and in the block or square in which the dramshop is to be kept, shall sign a petition asking for such license to keep a dramshop therein.''

It thus seems that the exclusive power of granting licenses for the sale of liquor is vested in our county courts, and that in the exercise of such power they act in obedience to their opinion and judgment. It is for them to say whether or not the applicant is a person of good character, and whether or not the preliminary petition, required by law, has been signed by a majority of the tax-paying citizens of the city and square wherein the dram shop is to be located. The counsel for defendant have submitted an able and exhaustive brief in support of the position that after the county court had reached a conclusion as expressed in its order and judgment, such order or judgment is binding and conclusive until reversed on appeal or overthrown in some proceeding directly attacking it, and that it could not be impeached in any collateral proceeding like the one before us. The principle of law implied in this position has our unqualified assent, and it is unnecessary for us to do anything more than to add this expression to the many previous decisions of this court announcing the same result. *State ex. rel. v. Weatherby*, 45 Mo. 17; *Jeffries v. Wright*, 51 Mo. 220; *Johnson v. Beazley*, 65 Mo. 250; *Sims v. Gray*, 66 Mo. 614; *Fulkerson v. Davenport*, 70 Mo. 546; *Scott v. Crews*, 72 Mo. 263; *Gray v. Bowles*, 74 Mo. 423; *Henry v. McKerlie*, 78 Mo. 416.

From this it follows that the court below erred in admitting testimony for the purpose of proving that the county court was in error when it adjudged that the defendant had complied with the law and was entitled to a license. It is possible that the county court erred in its judgment and order, but such errors cannot be reversed by the circuit court in a collateral proceeding. Upon the evidence in the record the defendant was entitled to

an acquittal, and the court should have so instructed. Accordingly the judgment is reversed and the defendant discharged. All concur.