The State v. Searcy.

STATE OF MISSOURI, Respondent, v. HENRY SEARCY, Appellant.

St. Louis Court of Appeals, February 18, 1890.

1. **Criminal Law**: LOCAL OPTION LAW: INDICTMENT. An indictment for a violation of the act of the legislature approved April 5, 1887, commonly known as the local option law, need not recite in detail the manner in which that law was adopted, but the adoption of the law is sufficiently pleaded, if the indictment states that it had been duly adopted, and was in force at the place and time at which the offense is laid.

2. ――――: ――――: REQUISITES OF RECORDS OF COUNTY COURT. In a prosecution for a violation of that law the presumption is conclusive that the petition, on which the county court acted, contained sufficient signatures, and it is not necessary that the records of the courts should show that the petition had been signed by the requisite number of qualified voters.

| | |
|---|---|
| 39 | 393 |
| 39 | 410 |
| 39 | 415 |
| 39 | 419 |
| 39 | 393 |
| 41 | 457 |
| 39 | 393 |
| 44 | 223 |
| 39 | 393 |
| 46 | 426 |
| 39 | 393 |
| 47 | 469 |
| 48 | 114 |
| 39 | 393 |
| 110m144 | |
| 111m237 | |
| 51 | 309 |
| 39 | 393 |
| 57 | 209 |
| 57 | 658 |
| 39 | 393 |
| 63 | 465 |
| 39 | 393 |
| 67 | 465 |
| 39 | 393 |
| 70 | 12 |

3.    ———: ———: ———. Nor is it necessary that the records of the county court should show an adjudication by the court that the law had been adopted. The statute only contemplates that the clerk of the court should cast up the votes in compliance with the law governing general elections, and should make a statement to the court of. the result, and that this statement of the result should be entered upon the records.

4.    ———: ———: LEGALITY OF ELECTION. An election under the local option law is not illegal, because held within sixty days of a general school election, required to be held on the first Tuesday in April; the inhibition of the local option law, against the holding of an election under it within sixty days of a general election, must be construed, under Revised Statute, 1879, section 3126, to have reference only to the biennial general election on the Tuesday succeeding the first Monday in November.

5.    ———: ———: LAW AND FACT. Whether the local option law has been adopted, is a question of law for the court.

6.    ———: ———: EVIDENCE OF ADOPTION OF LAW. In such a proceeding the state, *prima facie*, establishes the adoption of the law by evidence of the records of the county court showing the result of the election as required by the local option law, and by evidence showing that the result of the election has been published in compliance with the requirements of the statute.

*Appeal from the Criminal Court of Greene County.*
HON. W. D. HUBBARD, Judge.

AFFIRMED.

*F. M. Wolf* and *O. H. Travers*, for the appellant.

The indictment is founded on a statute creating the offense and is not a common-law indictment. In this event it is necessary that the indictment clearly set forth all the constituent elements of the offense, and every fact necessary to bring the defendant within the provisions of the statute declaring the offense. *State v. Gabriel*, 88 Mo. 631; *State v. Welch*, 28 Mo. 600. The indictment must clearly define the offense. *People v. Minnock*, 18 N. W. Rep. 390; *People v. Heffron*, 19 N. W. Rep. 170; *State v. Pischel*, 20 N. W. Rep. 848; *State*

*v. Von Holtzschokerr*, 3 N. W. Rep. 323; *Dixon v. State*,
1 S. W. Rep. 448; *Libkoutz v. State,* 14 N. E. Rep.;
*Com. v. O'Leary*, 8 N. E. Rep. 887; *State v. Wacker*,
16 Mo. App. 417; *State v. Kindrick*, 21 Mo. App.
509; *State v. Fulason*, 8 Atl. Rep. 459; *State v. Hogan*,
31 Mo. 340. Again, the indictment in this case alleges
that the question of local option was submitted to the
voters under an act, approved April 5, 1888. There
was never any such act of the legislature. *Saline
County v. Wilson*, 61 Mo. 237. The county court of
Greene county is one of inferior and limited jurisdic-
tion. It can exercise such powers only as the statute
confers upon it. *State ex rel. v. Shortridge*, 56 Mo.
126. It is simply agent for the county and must exer-
cise its functions in the manner and to the extent
authorized by law. Beyond this its acts are void.
*Saline Co. v. Wilson*, 61 Mo. 237; *Sturgeon v. Hampton*,
88 Mo. 203; *Wolcott v. Lawrence*, 61 Mo. 237; *Sterns
v. Franklin Co.*, 48 Mo. 167; *Blize v. Costilio*, 18
Mo. App. 290; *City of St. Louis v. Gleason*, 93 Mo. 33.
It is an inferior court; and every fact necessary to
confer jurisdiction must appear of record. *Wight v.
Warner*, 1 Doug. [Mich.] 384; 1 Herman on Estoppel,
p. 240; *Adams v. Jeffries*, 12 Ohio, 253; *Maupin v.
Franklin Co.*, 67 Mo. 327. In all courts of limited
powers the record must display every jurisdictional
fact. *Bank v. Treat*, 18 Me. 340; *Barrett v. Crane*, 16
Vt. 246; *Perkins v. Attoway*, 14 Ga. 27; *Straughan v.
Inge*, 5 Porter [Ind.] 157; *State v. Kimbrough*, 2 Dev.
431; *Railroad v. Suydan*, 2 How. 25; *Railroad v.
Young*, 96 Mo. 39; 1 Herman on Estoppel, 401;
*Crawford v. Howard*, 30 Me. 422; *Clark v. Bryan*, 16
Wend. 71; *Haggard v. Railroad*, 63 Mo. 302; *Brown v.
Woody*, 64 Mo. 550; *Howard v. Thornton*, 50 Mo. 291.
When a tribunal, whether of superior or inferior
authority, is exercising special or statutory power, and
not according to the course of the common law, the

facts requisite to its jurisdiction must appear of record. No presumption is indulged in favor of the jurisdiction. *Anderson v. Commissioners*, 12 Ohio, 636; *Walbridge v. Hall*, 3 Vt. 144; *Smith v. Rice*, 11 Mass. 513; *Turner v. Bank*, 4 Dallas, 11; *Hall v. Howard*, 10 Conn. 514; *Kemp v. Kennedy*, 5 Cranch, 172; *Hill v. Pride*, 4 Cal. 107; *Adams v. Jeffries*, 12 Ohio, 253; *Strickler v. Kelley*, 7 Hill, 24; *Gilpin v. Page*, 18 Wall. 350; *Jefferson Co. v. Cowan*, 54 Mo. 234; *Whiteley v. Platte Co.*, 73 Mo. 30; *Zimmerman v. Snowden*, 88 Mo. 218, 1 Herman on Estoppel, 450, 420, 409–417; *Werz v. Werz*, 11 Mo. App. 26, and cases cited; Freeman on Judgments [3 Ed.] secs. 123–337; *Bloom v. Burdick*, 1 Hill, 139. If such facts do not appear of record, then the act of the court is *coram non judice*, and may be attacked in a collateral proceeding. *Galpin v. Page*, 18 Wall. 350; *Pennoyer v. Neff*, 95 U. S. 714; *Settlemeir v. Sullivan*, 97 U. S. 444; *Denning v. Corwin*, 11 Wend. 647; *Adams v. Cowles*, 95 Mo. 501; *Caldwell v. Lockridge*, 9 Mo. 338–364; *Speck v. Wohleim*, 22 Mo. 317; *Windsor v. McVeigh*, 93 U. S. 274; *Decker v. Ledwell*, 3 Mo. App. 586. It nowhere appears that the county court found, determined and adjudged whether a majority of the votes was cast for or against the sale of intoxicating liquors. The court simply orders that an "abstract of votes cast at an election held February 11, 1888, on the question of local option, be published," etc. It does not find how many votes were cast for or how many against local option. The statute requires this to be done.

*Jas. J. Gideon*, Prosecuting Attorney for Greene county, and *Jas. R. Vaughan*, for the respondent.

By the local option law, it is made the duty of the county court to determine whether the requisite number of petitioners have signed the application for submission to the voters before they can order the election, and

when they have determined that question, and ordered the election, their action in the matter is conclusive—at least in a proceeding like this, or in any collateral proceeding. It must be taken and presumed that every necessary step, preliminary to the action or requisite to any particular action of the county court, has been complied with. Public policy, and a due respect for official action, demands that, in matters like this, this rule should be enforced. *French v. Fyan*, 93 U. S. 169; *Johnson v. Towsley*, 13 Wall. 72; *Cruz v. Martinez*, 8 Cent. Law J. 1; *State ex rel. v. Simmons*, 35 Mo. App. 378; *State ex rel. v. Weatherby*, 45 Mo. 17; *State v. Emery*, 3 S. E. Rep. 810. The defendant, by instructions, sought to have submitted to the jury the question as to whether the local option had been adopted, or was in force in that portion of the county of Greene, outside of the city of Springfield. The question was one of law for the court. *South Ottawa v. Perkins*, 94 U. S. 260; *Post v. Supervisors*, 105 U. S. 667; 2 Thompson on Trials, secs. 1053 and 1054; *Cobb v. Griffith and Adams Co.*, 87 Mo. 94. Appellant's objection to the validity of the election, that it was within sixty days of a school election, is not well founded. R. S. 1879, sec. 3126; *State ex rel. v. King*, 17 Mo. 512.

THOMPSON, J., delivered the opinion of the court.

This is a prosecution under the local option law applicable to Greene county, outside of the city of Springfield, for the unlawful sale of intoxicating liquors. The defendant was convicted and fined three hundred dollars, and prosecutes this appeal. No question is made as to the propriety of the conviction, provided the statute, known as the local option law, was properly shown to have been in force in Greene county, outside of the city of Springfield, at the time when the alleged offense was committed.

I. The first assignment of error is that the indictment does not sufficiently state that the statute, known

as the local option law, had been adopted in Greene county, outside of the city of Springfield, prior to the date of the offense laid therein.   The indictment was as follows :

"The   grand jurors for the state of Missouri, empaneled, sworn and charged to inquire within and for the body of Greene county, upon their oath, present that the law, known as the local option law, has been adopted and is in force as the law of this state within all that portion of said county, outside of the corporate limits of the city of Springfield, Missouri; that said city of Springfield is the only city or town in said county having a population of twenty-five (2500) hundred inhabitants,  or more; that said law is entitled, 'An act to provide for the preventing of the evils of intemperance by local option in any county in this state, and in cities of twenty-five hundred inhabitants or more, by submitting the question of prohibiting the sale of intoxicating liquors to the qualified voters, to provide penalties for its violation,  and for other  purposes, approved April 5, 1888; that on the fourth day of January, 1888, an application by petition was made to the county court of Greene county, said petition being signed by one-tenth ($\frac{1}{10}$) of the qualified voters of said county,  who resided at that time outside of the city of Springfield, who were qualified to vote for members of the legislature, and that,  thereupon, said county court, on the fifth day of January, 1888, ordered an election to be held on the eleventh day of February, 1888, at the usual voting precincts for holding general elections for state officers in said state, to vote upon said question; that notice of said election was duly given by publication in a newspaper published in said county, and thereafter said election was duly had and held, and at said election a majority of the votes cast was against the sale of intoxicating liquors; and, thereupon, said court published the result of said election, after duly

canvassing the same, in said newspaper as required by said law, and that the last insertion of the said publication of such result was on the fifteenth day of March, 1888, and that said election was so ordered, had and held in all that portion of said Greene county, outside the corporate limits of the said city of Springfield, and that said law was duly adopted as aforesaid, and that, thereafter, to-wit: On or about the —— day of September, 1888, at the town of Ashgrove, the same being outside of the corporate limits of the city of Springfield, in said state of Missouri, one Henry Searcy did then and there unlawfully and wilfully sell certain intoxicating liquor, to-wit: One-half ($\frac{1}{2}$) pint of whiskey for the price and sum of twenty-five (25) cents, and that the said Searcy, at the time of said sale, did not then and there have any license issued before the day of election aforesaid, and that the said sale was made as aforesaid without any license of any kind, and without any legal authority whatever to sell the same, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.''

This assignment of error is untenable. We hold that it is sufficient in such a case for the indictment to allege that the act of the legislature, approved April 5, 1887, known as the local option law, has been duly adopted and was in force as the law of the state within the territory within which the offense is laid, at the date of the alleged offense, without reciting in detail the *manner* in which it was so adopted, which is merely the pleading of evidence. So much of the indictment in the present case as went beyond this may, therefore, be rejected as surplusage ; and the fact that it erroneously states the date of the act of the legislature as April 5, 1888, instead of April 5, 1887, is of no importance, since there is but one act by that title and the clerical error is one which corrects itself.

II. The next assignment of error is that the court erred in admitting in evidence the petition to the county court, the orders of the county court, the proof of publication in relation to the local option law, and all other evidence offered by the state. We are of opinion that this assignment of error is likewise untenable. We hold that it was sufficient to make out a *prima facie* case, showing that the local option law had been adopted by the inhabitants of Greene county, outside of the city of Springfield, to put in evidence the official record made by the county clerk, entered upon the records of the court, and the publication made by the county court in pursuance of the statute, showing the result of the election at which it had been adopted within the territory named. We hold that, if the legal steps prescribed by the act to be taken by the county court for the holding of the election have not been properly taken, that is, within the limits hereinafter stated, matter of defense for the person indicted under the provisions of the law to show.

III. Most of the argument directed against the sufficiency of the record of the county court in regard to the ordering of the election under the local option law within the county of Greene outside of the city of Springfield, and proclaiming the result, consists of an appeal to the principle that the county court, being an inferior court, must recite upon its record the existence of every fact necessary to its power to act ; or, in other words, that its jurisdiction will not be presumed where the existence of a fact essential to it does not appear of record. It is argued that the election must be held to have been invalid, because the order of the county court of Greene county, directing the election to be held, does not recite that the petition on which the court acted had been signed by one-tenth of the qualified voters of the county residing outside of the city of Springfield. The petition is spread on the records of the county court,

and the order of that court, directing the election to be held, recites that the court, upon examination, finds that the petition is the petition of six hundred and fifteen qualified voters of the county of Greene outside of the incorporated limits of the city of Springfield, etc., but the order does not recite that the petition is signed by one-tenth of the qualified voters within that territory. The statute (act of April 5, 1887, section 1) provides that the county court shall determine the sufficiency of the petition presented by the poll books of the last previous general election ; and such a determination, being judicial in its character, is conclusive, unless challenged in a direct proceeding for that purpose. We think that this case falls within a principle on which we have frequently acted, and which is a limitation of the rule above stated in regard to the presumption of the jurisdiction of courts,—that where a court, although of inferior or limited jurisdiction, or a mere ministerial board, is required to find the existence of a fact *in pais*, in order to warrant it to do what it does, it will not be presumed, for the purpose of overthrowing its jurisdiction, in the silence of its record, that the fact did not exist, but the general presumption of right acting, which attends all official bodies, will obtain in such a case, and it will be presumed that the fact did exist, until the contrary is made to appear in a direct proceeding. *Riggins v. O'Brien*, 34 Mo. App. 613. In cases where county courts act in laying out roads, and in the like instances, a petition, in conformity with the statute empowering it to act, is ordinarily necessary to give it jurisdiction. But where the power is vested in the court to determine, upon extrinsic evidence, whether the petition is sufficient, the principle appealed to by the appellant does not require us to presume, in the silence of the court's record, that it determined it wrongly.

This, we think, will sufficiently appear by reference to a few adjudged cases. In *State ex rel. v. Weatherby*,

45 Mo. 17, the proceeding was by *quo warranto*, and the question was whether the town of Shelbina had been lawfully established by an order of the county court. It was held that it was not competent to enter upon an inquiry of fact as to whether the petition upon which the county court acted in granting the order of incorporation and entering it of record was, as the law required, signed by two-thirds of the taxable inhabitants of the town; but that the order of the county court establishing the town was conclusive of that fact, until set aside in a direct proceeding for that purpose; and the order was held to be *prima facie* evidence that the town was a body politic and corporate.

In *Snoddy v. Pettis County*, 45 Mo. 361, the case was an appeal from an order of the county court establishing a road. It was held that a petition for a new county road need not show on its face that twelve of its signers were householders, although this fact must be proved to the satisfaction of the court before any action can be taken upon the petition. But it was further held that, although this character of the signers does not appear in the records of the court, an order of court *establishing the road* will raise the presumption that it was proved, unless the contrary appears. The court said: "If the county court makes an order in relation to the subject-matter of the petition, which it would have no right to make without preliminary proof, we are bound to suppose, unless the contrary appears, that this proof was made,"—an expression of legal doctrine quite appropriate to the question before us.

In *State v. Evans*, 83 Mo. 319, the defendant, as in the case before us, had been indicted for the offense of selling intoxicating liquor without a license. He admitted the selling, but justified under a license from the county court. The state endeavored to overthrow this license by proving that the petition upon which it was granted did not contain a majority of the assessed tax-paying citizens of the town. It was held that this could

not be done; that, as the county court had jurisdiction of the subject-matter of granting licenses, its determination of the fact that the petition did contain a majority of the assessed taxpaying citizens of the town was conclusive.

In *State ex rel. v. Young*, 84 Mo. 90, the proceeding was by *mandamus* against a county school commissioner to compel him to vacate a certain order or decision made by him in relation to a change of school districts, and to dismiss the matter before him for want of jurisdiction. It was alleged that he had no jurisdiction to make a decision in the matter, for the reason that the petitions, upon which the directors of the respective districts acted in posting notices of the proposed change to the voters, were not signed by ten qualified voters, as the law requires. Mr. Commissioner MARTIN said: "If the preliminary request should be regarded in the nature of a jurisdictional fact, it is a fact which seems to be left to the directors to decide. It is for them to say that the petitioners are qualified voters; and when they have practically so declared by posting the proposition, I do not perceive how their decision can be successfully attacked in any collateral proceeding or by *mandamus* of the courts."

These decisions warrant us in holding in the present case, that the orders of the county court of Greene county, directing the election to be held, is conclusive evidence that the petition, upon which the order was made, was signed by one tenth of the qualified voters within the district embraced in it, as shown by the poll-books of the last previous general election.

IV. The statute contains the following language: "Such election shall be conducted, the returns thereof made, and the result thereof ascertained and determined in accordance in all respects with the laws of this state governing general elections for county officers, and the result thereof shall be entered upon the records of such

county court." Acts of April 5, 1887, part of section 1.
An argument has been presented, in view of this statute,
that the local option law is to be regarded as not having
been adopted within the territory in question for the
reason that it does not appear that the county court
*adjudged* or *determined* that it had been so adopted,
that is, that the county court never ascertained and
determined the result, as prescribed by the statute. We
know of no statute relating to general elections which
clothes the county court with any such authority, and
the local option law contains no such provision. On
the contrary, at the close of each general election the
poll books are transmitted by the judges of election to
the *clerk* of the county court. Revised Statutes, 1889,
section 4683. The *clerk* of the county court, with the
assistance of two justices of the peace, or of two judges
of the county court, examines and casts up the votes,
and gives to those having the highest number of votes,
in cases where the election is for officers, certificates of
election. R. S., section 4684. No provision is found
in the general election law directing what the clerk of
the county court shall do where the election is not an
election of public officers; but, by analogy to the pro-
vision of the section last quoted, and in view of the
provision of section 1 of the local option law, it is obvi-
ous that, in lieu of the certificate of election which he
ordinarily gives to the successful candidate, he makes a
statement of the result of the election, and this is
entered upon the records of the county court. We hold
that this is what is meant by that clause of section 1
which prescribes that "the result thereof shall be
entered upon the records of such county court." When
the clerk of the county court makes a statement of the
result of such an election, it is obvious that the court
has no other function to perform in the matter, except
to order that this statement be entered upon its records.
That was done in the present instance. The statement,

so entered, exhibited, by tabulated precincts, the result of the votes cast at the election, showing that there had been cast against the sale of intoxicating liquors, two thousand and ninety-five, and for the sale of intoxicating liquors nine hundred and ninety-eight votes; and the court ordered that the abstract thus made of the result of the election be published in the Springfield *Weekly Republican*, for a period of four weeks, etc. We hold that this was a sufficient ascertainment and determination of the result of the election within the meaning of the statute. If, after publishing these facts, the court had proceeded to "adjudge" that the local option law had been adopted within the territory named, it would not have given to the adoption of the law, which depended upon a vote of the majority of the qualified voters of the territory, examined and cast up by its clerk as prescribed by law, any additional sanction; and, if the county court had assumed to adjudge that the local option law had not been adopted, its "judgment" in the face of such returns would have been merely void.

V. It is next objected that, whereas, according to the law in force at the time when this election was ordered and held, a general school election in all the counties of the state was required to be held on the first Tuesday in April, which was the second day of that month, and whereas the election ordered by the county court on the question of local option was held on the eleventh of February, which was within sixty days of the election of school directors, the election on the question of local option was void under the terms of the statute. The provision of the statute relating to elections on the question of local option outside of the corporate limits of any city or town are "that no such election, held under the provisions of this act, shall take place on any general election day, or within sixty days of any *general* election held under the constitution

and laws of this state, so that elections as are held under this act shall be special elections, and shall be separate and distinct from any other election whatever." The Revised Statutes of 1879 contain this general provision: "The construction of *all statutes* of this state shall be by the following additional rules, unless such construction be plainly repugnant to the intent of the legislature, or of the context of the same statute. * * * Sixteenth, the term "general election" refers to the election required to be held on the Tuesday succeeding the first Monday of November biennially." R. S. 1879, section 3126. This shows that the school election required to be held in April was not a "general election," within the meaning of the local option statute, and this disposes of this assignment of error.

VI. The court refused an instruction submitting to the jury the question whether the local option law had been adopted in Greene county, outside of the city of Springfield, and advising them that, in order to find that it had been so adopted, they must find that every element and fact necessary to constitute the establishment of it had been proved by the state. The court was quite right in refusing to give this instruction. The question, whether a law which is to be a rule of conduct exists or does not exist, is a judicial question, and cannot be submitted to the ignorance or caprice of a jury. Thus, it has been held that the question, whether what purports to be an act of the legislature of the state was duly passed with the concurrence of the requisite majority of the members of both houses, as is required by the constitution of the state, so as to become a valid law, is a question for the court, and not for the jury. *South Ottawa v. Perkins*, 94 U. S. 260; *Post v. Supervisors*, 105 U. S. 667. So it has been held that the existence of a city ordinance is to be proved by evidence addressed to the court, and not to the jury.

*Roulo v. Valcour*, 58 N. H. 347; *Hall v. Costello*, 48 N.
H. 176, 179. This is merely a branch of the general
principle that the judge decides questions of law, and
the jury questions of fact. Co. Litt. 155, 156; Foster's
Crown Law, 255, 256; *Fugate v. Carter*, 6 Mo. 267, 273;
*Hickey v. Ryan*, 15 Mo. 62, 67. This duty is none the
less incumbent on the judge from the fact that, in per-
forming it, he may be required to pass upon questions
of fact. "Whenever a question arises in a court of law
of the existence of a statute, or of the time when a stat-
ute took effect, or of the precise terms of a statute, the
judges who are called upon to decide it have a right to
resort to any source of information which, in its nature,
is capable of conveying to the judicial mind a clear and
satisfactory answer to such question." *Gardner v.
Collector*, 6 Wall. 499, 511. The court, therefore,
rightfully withheld this question from the jury.

VII. We make the following further observation
upon this record. The state assumed throughout the
burden of alleging and proving the various steps by
which the local option law had been adopted in the
county. We hold that this is unnecessary. We hold
that it is sufficient for the indictment to allege that the
act of the legislature, approved April 5, 1887, commonly
known as the local option law, has been adopted and is
in force within the county (or city, or limits of the
county outside of a city or cities of twenty-five hundred
inhabitants, as the case may be), on the day on which
the offense is charged. We also hold that the state
makes good this allegation by producing a certified
copy of the result of the election, as spread upon the
records of the county court, in compliance with section
1 of the statute, and also by proving that the subse-
quent publication of the result was made in compliance
with the statute. A valid election in compliance with
its terms is necessary to the adoption of the statute,
and the record made by the county court of the result

of the election is *prima facie* evidence of that fact. A publication of the result of the election, in compliance with the terms of the statute, is also necessary to put the law in force, and consequently such publication must be proved.

We further hold that, after the state has thus shown, *prima facie*, that the statute had been adopted and put in force prior to the date of the offense, it is open to the accused to show the contrary, by proving that any of the essential steps named by the statute have not been taken,—except as to those matters where the county court is required judicially to determine the existence of a fact, in which its record is conclusive,—as for instance, in respect of the question whether the petition for the election has been signed by the requisite number of qualified voters.

Other objections are either contrary to the fact, or amount to no more than verbal criticisms of the order of the county court. The judgment will be affirmed. All the judges concur.

ROMBAUER, P. J., delivered the following opinion of the court upon a motion for rehearing.

The defendant asks for a rehearing in this cause on the ground that the opinion of the court is opposed to controlling decisions of the supreme court to which the attention of this court has not been called. His counsel refers us to *Jefferson County v. Cowan*, 54 Mo. 237, and *City of St. Louis v. Gleason*, 93 Mo. 33. He overlooks the controlling proposition that in the cases cited the jurisdiction of the court was challenged in a direct proceeding attacking the validity of its judgment. That the law in such cases is as defendant's counsel claims it to be, has never been questioned. In the case at bar the jurisdiction is challenged in a collateral proceeding, and we can only reiterate what was so well said by Commissioner MARTIN in *State v. Evans*, 83 Mo. 322: "The

counsel for defendant have submitted an able and exhaustive brief in support of the position that, after the county court had reached a conclusion as expressed in its order and judgment, such order or judgment is binding and conclusive, until reversed on appeal, or overthrown in some proceeding directly attacking it, and that it could not be impeached in any collateral proceeding like the one before us. The principle of law implied in this position has our unqualified assent, and it is unnecessary for us to do anything more than to add this expression to the many previous decisions of this court announcing the same result. *State ex rel. v. Weatherby*, 45 Mo. 17; *Jeffries v. Wright*, 51 Mo. 220; *Johnson v. Beazley*, 65 Mo. 250; *Sims v. Gray*, 66 Mo. 614; *Fulkerson v. Davenport*, 70 Mo. 546; *Scott v. Crews*, 72 Mo. 263; *Gray v. Bowles*, 74 Mo. 423; *Henry v. McKerlie*, 78 Mo. 416."

Whenever the question is brought here in a direct proceeding to set aside the election, as unauthorized by the provisions of law, the authorities relied on by the defendant will receive due consideration. The motion for rehearing is overruled. All concur.