The State v. Prather.

THE STATE OF MISSOURI, Respondent, v. GARRETT PRATHER, Appellant.

**Kansas City Court of Appeals, May 19, 1890.**

1. **Criminal Procedure:** VENUE. When the venue is not shown the prosecution fails.

2. **Local Option:** BOARD OF CANVASSERS: CERTIFICATE. The county clerk, upon the receipt of the poll books from the precinct judges, should call to his assistance two justices of the peace or two county judges. These three compose the board of canvassers, whose duty it is to cast up the returns, and by a certificate

declare the result of the local-option election. This certificate when entered upon the records of the county court is the means and the only means of showing such result and makes a *prima facie* case of the correctness of the matter therein contained. A recitation of the result in the order of the county court, directing the publication of notice of the result, avails nothing.

3. **Criminal Procedure:** SUFFICIENCY OF INDICTMENT UNDER LOCAL OPTION : EVIDENCE : DEFENSE. An indictment for selling intoxicating liquors in violation of the local-option act need allege only the substantive facts necessary to be proved, viz.: The adoption of the law and a sale of such liquor within the territory within which the law is in force. The introduction of the certificate of the board of canvassers from the county court record with proof of the publication of notice of the result once a week for four consecutive weeks and the proof of the sale makes a *prima facie* case for the state ; and that the necessary antecedent steps have not been taken is matter of defense. If, however, the state in the indictment allege in detail the necessary antecedent steps and proceed with testimony to establish the same, and it appears the law has not been complied with, such defects will avail the defendant as if shown by himself.

*Appeal from the Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*W. P. Taylor* and *B. F. Pierce* with *D. M. Wilson*, for appellant.

(1) The indictment should have been quashed. Sess. Acts, 1887, p. 179, *et seq. First.* The indictment should refer to the statute by its title and the date of its passage ; and a failure to do so, or a misrecital of the title in a material part thereof, is good ground for motion to quash. *Second.* It is not alleged that due notice of the holding of the election, or of its result, was ever given. Whart. Crim. Law [ 7 Rev. Ed.] sec. 263 ; 1 Bish. Crim. Proc. [ Ed. 1866 ] sec. 257 ; *People v. Jackson*, 3 Denio, 101. Now, where time is material, dates laid in the *videlicet* will control, and if laid

insensibly will vitiate the context.   The notice called
for by the act is absolutely essential to the validity of
the election.   *State v. Tucker*, 32 Mo. App. 620 ; Cooley's
Blackstone [2 Ed.] side p. 306, note 6 ; 2 Hale, 170.
*Third.*  There was not sufficient evidence before the
grand jury on which to find the indictment.   The record
of the county court is silent as to notice or proof of
notice of both the holding of the election and the result
of the election, and the evidence of County Clerk
Adams is, that no proof of notice was made or filed
until June 4, 1889.   The indictment was found Decem-
ber 5, 1888.   At that time no proof of notice had been
made, and without such proof the grand jury could
not legally find a bill.   *State v. Metzger*, 26 Mo. 65 ;
*Shaffner v. City of St. Louis*, 31 Mo. 264 ; *Schell v.
Leland*, 45 Mo. 289 ; *Ells v. Railroad*, 51 Mo. 200 ;
*Smith v. Haworth*, 53 Mo. 88 ; *Railroad v. Campbell*, 62
Mo. 585 ; *Whitely v. Platte County*, 73 Mo. 30 ; *Zim-
merman v. Snowden*, 88 Mo. 218 ; *City of St. Louis v.
Gleason*, 93 Mo. 33 ; *Werz v. Werz*, 11 Mo. App. 26 ;
*Morse v. Presley*, 25 N. H. 299 ; *Galpin v. Page*, 18
Wall. 350.   (3) The county court had no power to
declare the election carried against the sale of intoxi-
cating liquors and to order the result published.   R. S.
1879, sec. 319.   (4) Whether the Wood local-option law
is in operation in any particular county, is not a ques-
tion to be determined by parol testimony.   As the
local-option law provides in detail how any county may
put itself under the operation of that law, and confers
upon the county court the supervisory control of the
whole matter, the records of that court must show that
every essential prerequisite of the law has been com-
plied with.   The validity of the election, so far as the
question as to whether every substantial requirement
of the statute has been followed, must stand or fall
upon the record, and the record alone.   If, therefore,
the county court records fail to show as in the case

at bar, that any one essential step has been taken, the whole proceeding is *coram non judice* and void. (5) There is no evidence in the bill of exceptions showing proof of venue. It does not appear that the offense occurred in Linn county or even in this state. For this, if nothing more, the judgment must be reversed. *State v. McGinniss*, 74 Mo. 245; *State v. Hartnett*, 75 Mo. 251; *State v. Hughes*, 82 Mo. 86.

*C. C. Bigger*, Prosecuting Attorney, for respondent.

The motion to quash the indictment was properly overruled. (1) The title of the act of the general assembly of the state of Missouri, approved April 5, 1887, and known as the "local-option" law is sufficiently set out; the omission of the words, "for its violation," being merely clerical, is cured by the statute (R. S. 1889, sec. 4115), and was properly disregarded. *State v. McDaniel*, 94 Mo. 301. (2) The indictment alleges that due notice of the election, and of the result was given as the law directs. Sess. Acts, 1887, secs. 3, 5, p. 181; *State ex rel. v. Tucker*, 32 Mo. App. 620; *State ex rel. v. County Court*, 33 Mo. App. 635. And an imperfect statement of the dates when said notices were given, time not being of the essence of the offense, is immaterial, and the defects, if any, were cured by verdict. *State v. Houts*, 36 Mo. App. 265. (3) The records of the county court, which were read in evidence, show on their face that the petition to the county court, under which the election was ordered, was signed by one-tenth of the voters of the county, outside of cities and towns having a population of twenty-five hundred inhabitants or more. (4) The local-option law makes no provision for the filing of proof of publication of the election notice, or the notice of the result, nor is any required to be so filed. *State v. Baker*, 36 Mo. App. 58. (5) But the proofs of publication filed with the county clerk, and read in evidence, were

competent to prove the publication of the notice of the election, and the notice declaring the result. The defendant was given a fair trial and found guilty, as the evidence fully warranted, and the judgment should be affirmed.

GILL, J.—Defendant Prather was convicted, at the last December term of the Linn circuit court, of selling intoxicating liquors within the limits of said county, outside of any city containing a population of twenty-five hundred, in the alleged violation of the local-option law, and was fined three hundred dollars. From the judgment thereon said defendant appeals.

I.   On an inspection of this record, it is clear that we must reverse the judgment. In the first place, there is nothing in the record brought here to show that the alleged offense was committed within the limits of Linn county, where it is claimed said local-option law is in force.   All that appears in the bill of exceptions is, that "the plaintiff then offered evidence tending to show the sale of intoxicating liquors by the defendant within one year next preceding the finding of the indictment."   There being no venue shown, certainly then the prosecution failed.

II.   But more than this, since in our opinion there is one other matter, at least, in this record fatal to the prosecution, we deem it proper to pass on the same, with the hope thereby of saving future litigation.   This *record* fails to show that Linn county ever adopted the provisions of the local-option law.   Two important, indispensable facts must concur to justify Prather's conviction of the offense charged :   *First.*   It must be proved that Linn county, outside the limits of Brookfield (the only city or town in said county having twenty-five hundred inhabitants) had adopted the law known as the local-option law, and, *second,* that defendant had, in violation of its provisions, sold intoxicating

liquors within said Linn county, outside of Brookfield. As already stated, the record of this case fails to show the second, and, as we think, it as well fails to establish the first, proposition. As the name implies, the local-option law applies, or not, to any particular county, or city, as it may, or may not, be received or adopted in the manner provided. It remains suspended in its operations till accepted by a vote of the people to be affected thereby. Hence this acceptance or adoption by the people of any county must be shown as any other fact. *City of Hopkins v. Railroad*, 79 Mo. 98; *State v. Hays*, 78 Mo. 600; *State v. Cleveland*, 80 Mo. 108. For the adoption of this local-option law, the act prescribes an election to be called by the county court (when a certain petition therefor is presented), and then provides, that "such election shall be conducted, the returns thereof made and the results thereof ascertained and determined in accordance in all respects with the laws of this state governing general elections for county officers, and the result thereof shall be entered upon the record of such county court." Laws of 1887, sec. 1, p. 180. Then, in case the vote shall be *against* the sale of intoxicating liquors, by section 5 of the same act, the county court is required to publish the result of such election for four weeks, and then the law becomes effective. The law for *ascertaining and determining the result of the election of county officers* becomes, then, by force of the above quoted portion of section 1, the law by which the result of the election in Linn county on the adoption of the local-option law is to be ascertained and determined. This law, "governing general elections for county officers," in so far as concerns the matter now considered, is found in sections 5505 and 5506, Revised Statutes, 1879. In the case of *State v. Mackin*, *ante*, p. 99, we had occasion to announce our conclusions as to how and by whom the result of an election under these statutory provisions should be

ascertained and determined, and to save space here we now refer to the opinion in that case. To summarize, we there, in substance, held it to be the duty of the precinct judges of election to transmit to the clerk of the county court the poll books—that the clerk receiving the same should call to his assistance two justices of the peace, or two judges of the county court, and that these three compose, under the law, the body or board of canvassers, whose duty it is to cast up the returns, and by a statement or certificate declare the result of such local-option election; and that this certificate, or statement, of the result should be entered upon the records of the county court.

This is *the manner and means* pointed out by the statute, and is the *only* manner and means, for *ascertaining and determining* the result of such an election as this alleged to have been held in Linn county on the subject of local option. And it follows, therefore, that the adoption of the local-option law must be shown by the statement or certificate of this canvassing board entered upon the records of the county court, and cannot be shown in any other way. Since the *Mackin'case* was decided, we have read the opinion of the St. Louis Court of Appeals in *State v. Searcy*, 39 Mo. App. 393, holding practically the same views as here announced, and we, therefore, feel encouraged, in adhering to the opinion in the *Mackin case*. This certificate or statement, showing the result of the election, carries with it a like force as a certificate of election furnished (under section 5506, *supra*) to the successful candidate for a county office. It makes a *prima facie* case of the correctness of the matters therein contained. *Zeiler v. Chapman*, 54 Mo. 505; *Barnes v. Gottschalk*, 3 Mo. App. 3. Now, in the case at bar there is nothing in the record to show that the result of this Linn county local-option election was ever "ascertained and determined" by the county clerk and assistants, as the statutes above

prescribe.   It is true that, in the order by the county court, directing a publication of notice of the result, it is recited that, "*whereas*, at said election there were cast fourteen hundred and forty-three votes against the sale of intoxicating liquors, and six hundred and ninety-two votes for the sale of intoxicating liquors, resulting in a majority of seven hundred and fifty-one against the sale of intoxicating liquors," etc.   However, this recital avails nothing ; no more, indeed, than if stated by the publisher of the paper on his own motion, or by any one wholly disconnected with the county court.   The law does not repose any authority in the county court to *ascertain or determine* the result of such election. As said in the *Searcy case, supra*, a solemn and formal *adjudication*, even by the county court, declaring the result of said election, would be nugatory and worthless, for the very apparent reason that the law devolves no such duty on the court.   The county court has no further authority in the premises than simply to admit to record the finding, ascertainment and determination of the election as made by the canvassing board, composed of the county clerk and two county judges or two justices of the peace, and to publish said result, so ascertained by the clerk and assistants, as directed in section 5.

III.   Since defendant's counsel raise some question as to the sufficiency of the indictment, we avail ourselves of this opportunity to declare our concurrence with the views expressed by the St. Louis Court of Appeals in *State v. Searcy*, as to what need be, or need not be, set out in an indictment for the violation of the provisions of the local-option law.   These indictments for selling intoxicating liquors, contrary to the provisions of that act, are often cumbersome, prolix and full of unnecessary allegations.   It is only the substantive facts—those facts necessary to be proved—which need be alleged.   R. S. 1889, sec. 4115.   We have already

said in this opinion that the certificate of declaration by the canvassing board ( that is the county clerk and assistants ), spread on the records of the county court, makes a *prima facie* case of the existence of the subtantive fact, to-wit, that the local-option law is adopted in such county. This, of course, must be understood with the further qualification that such result must be shown to have been published once a week for four consecutive weeks, in compliance with section 5 of said act, since the law is not in operation until such publication. The allegation, then, of the adoption of the law, supported by the testimony here suggested, together with selling intoxicating liquors within the territory shown to have legally adopted the local-option law ( and where the law is then in force ) makes a *prima facie* case for the state; and, if the necessary antecedent steps have not been taken, as the statute prescribes, then such are matters of defense that may be shown by the accused. If, however, the state shall in the first instance set out in the indictment not only the adoption of the law, but recite in detail the necessary antecedent steps, and proceed with testimony to establish the same, and it appear therefrom that the law has not been complied with in any or all such necessary antecedents, then, of course, such defects will avail the defendant the same as if shown by him at the proper time.

Our conclusions, then, are, that the judgment herein must be reversed and the cause remanded, because, *first*, the venue of the offense charged is not shown, and, *second*, because the record submitted to us does not establish, even *prima facie*, the adoption of the local-option law. All concur.