THE STATE *ex rel.* ADAM REYBURN *et al.*, Relators, v. W. E. RINGO, County Clerk, etc., Respondent.

**Kansas City Court of Appeals, November 10, 1890.**

**Elections:** CASTING UP VOTE AFTER FIVE DAYS : DUTY OF COUNTY CLERK. Although the statute requires the county clerk within five days after the close of the election to cast up the vote yet the fact, that through inadvertence or misapprehension he has failed to do so, will not relieve him of the duty to proceed and cast up the vote. The statute imposes a duty which should be performed within the time stated, but, if not, it yet remains a duty.

*Original Proceeding by Mandamus.*

WRIT AWARDED.

*Garner, Sumerwell & Black,* for relators.

(1) All the questions as to the validity of the election or the returns being admitted in the pleadings, there remains nothing to be done except for the county clerk to call to his assistance two judges of the county court or two justices of the peace, and cast up the vote ; and this being a ministerial duty, and the relators being interested in, and affected by, the result of the election, and the same being the legal duty of the defendant, who is still the county clerk, and who has in his possession the returns properly certified from which the canvass of votes is to be made, and the relators having no other specific remedy by which the performance of such

duty can be secured, *mandamus* is the proper remedy. 5 Bacon's Abridgment, p. 408 ; High, Extraordinary Remedies, p. 65 ; *State ex rel. v. Stiers*, 44 Mo. 228, and cases cited ; *State ex rel. v. Garesche*, 65 Mo. 480 ; *State ex rel. v. County Court*, 41 Mo. 222 ; McCrary on Elections, sec. 380, p. 253 ; sec. 379, p. 273. ( 2 ) It is no defense to the granting of the peremptory writ that the five days in which defendant is required to cast up the vote has elapsed since such election. *State v. Mackin*, 41 Mo. App. 99 ; *State ex rel. v. Board of Canvassers Green County*, 12 Abbott, 96, and cases cited. The canvass of the vote, as pleaded in defendant's return to alternative writ, was not such a canvass as is required by the statute, and said vote still remain uncanvassed. R. S., sec. 4684 ; *State v. Mackin, supra ; State ex rel. v. Weeks*, 38 Mo. App. 566.

No brief for respondent.

ELLISON, J.—We are asked ( by *mandamus* proceedings ) to compel the respondent, who is clerk of the county court of Ray county, to proceed under section 5506, Revised Statutes, 1879, and Laws, 1887, page 180, to cast up the vote given at an election in said county, held therein under the local-option law of 1887, for the purpose of determining whether liquors could be sold in said county. The facts are these : An election under the local-option law was held in Ray county on the ninth day of August, 1887. Within five days thereafter the respondent, as clerk of the county court, attempted to cast up such votes, as is provided in section 5506, Revised Statutes, 1879. By such casting up, the law appeared to have been adopted by a majority vote, and it was so entered in the county court record. This counting of the vote and determination that the law had been carried was afterwards decided by this court to be irregular and invalid. *State v. Mackin*, 41 Mo. App. 99, wherein it was held that the vote had not yet been

counted in the manner directed by the statute. To the alternative writ now issued the return of the respondent admits all the material allegations, but alleges as a reason why the writ should not be made absolute, that the five days allowed by law in which said vote should be cast up has long since expired, and that he is now without warrant of law to cast it.

We are thus called upon to decide whether the omission of the clerk to cast the vote within the time limited by the law bars or prevents its being done afterwards. The statute is as follows: "Section 5506. The clerk of each county court shall, within five days after the close of such election, take to his assistance two justices of the peace of his county, or two judges of the county court, and examine and cast up the votes given. * * *" We are not in doubt as to what is the proper construction of this section. Its true meaning is this: That, to the end that there may be no unnecessary delay in the result of an election, the clerk is commanded to ascertain that result within five days. The statute does not go to the election, but merely to the action of the clerk. It imposes upon him a duty which he ought to perform as directed, but it nowhere attempts to relieve him of that duty in case he fails to perform it within the time stated. In other words, the statute does not absolve him from performing this important duty merely for the reason that he failed to perform it as he should have done. This statute enacts two things; one, a duty; the other, a time for its performance. The duty *must* be performed *as required* by the statute. It should be done within the time stated, but, if not, it yet remains a duty. It is altogether unreasonable to say that because an officer wilfully, or inadvertently, fails to perform a duty affecting the rights of others, or of the public, within the time commanded, that he will thereby be excused from performance afterwards. If, there was any good reason for such construction we would give it effect, but in the absence of any we shall not do so;

especially as such interpretation of the law would nullify elections in all cases where, from any cause, the time had passed without performance. The case shows that respondent endeavored to perform his duty as he understood it, and we are not inclined to permit an honest misconstruction of the statute to abrogate the election. A peremptory writ will be awarded. All concur.