# CASES DETERMINED

IN THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

### MARCH TERM, 1891.

---

*In re* JOHN ROTHWELL.

**Kansas City Court of Appeals, March 2, 1891.**

1. **Elections : CERTIFICATE OF, MADE BY DEPUTY CLERK.** Where an officer is authorized to appoint a deputy, the authority of that deputy is commensurate with that of the officer himself, and a certificate of the abstract of a local-option election by a deputy county clerk is as valid as if made by the clerk himself.

2. **———: CERTIFICATE OF ELECTION : EVIDENCE.** It is not necessary to state in the certificate of an election that the clerk had called in the assistants provided by law and with them had examined and cast up the votes given. It is only necessary that the certificate should state the result as the canvassers found it, and such certificate is *prima facie* evidence of the result there shown.

3. **———: ENTRY OF RESULT OF LOCAL-OPTION ELECTION IN RECORD : EVIDENCE.** It is not necessary under the local-option law to copy the certificate of the county clerk bodily in the record ; it is sufficient if the result is entered substantially on the records of the county court. The substantive, primary, and, indeed, only proper evidence of the result of a local-option election is the certificate made by the county clerk and filed in the archives of the county court.

*Original Proceeding by Habeas Corpus.*

( 215 )

In re Rothwell.

PETITIONER REMANDED.

*A. H. Waller,* for petitioner.

(1) The county court had no jurisdiction or power to ascertain and determine the result of said local-option election, and its action in doing so, and its order in declaring the result, are therefore void. 1 R. S. 1889, sec. 4598, p. 1050; sec. 4684, p. 1070; *State v. Mackin,* 41 Mo. App. 99. (2) The county court had no jurisdiction to order the result of said election to be published, until said result had been legally ascertained and authenticated and entered upon the records of said court. This was not done, and the publication of the result as ascertained by the county court was, therefore, unauthorized and of no validity, and a nullity in itself. 1 R. S. 1889, sec. 4602, p. 1052. (3) The justice of the peace had no jurisdiction to try the charge preferred against the petitioner, because : *First.* The offense charged was not sanctioned by law. *Second.* Said justice exceeded his jurisdiction in assessing the petitioner's punishment at a fine of $300. *In re Wooldridge,* 30 Mo. App. 612. (4) The abstract of the vote set out in the statement of facts is insufficient and is objected to. *First.* Because it is a mere memorandum in the clerk's office and not a matter of record. *Second.* Because the duty of examining and casting up the vote is a personal duty devolved upon the county clerk by law that cannot be performed by deputy. *Third.* Because said instrument fails to show that said vote was canvassed and the result ascertained in the manner and by the persons authorized by law.

*Frank P. Wiley,* Prosecuting Attorney, *contra.*

(1) All the proceedings before the justice of the peace are regular in form, and no point is made by petitioner as to any irregularity or informality therein. (2) All the proceedings before the county court

ordering the election under the local-option law were in proper and legal form, and no point is made against the said election or that it was not held in conformity with the statutes, or that the certificate copy of the records of the county court was not published the requisite length of time in the proper paper immediately after the said election. (3) The result of said election was entered upon the records of the county court. (4) The clerk, within five days after the election, called to his assistance two justices of the peace and examined and cast up the votes, and made a true and complete abstract thereof, and made a certificate thereto and filed the same in his office within five days after the election on the ninth day of February, 1888. (5) It was not necessary to enter upon the records of the county court the certificate of the county clerk. The statutes only require that "the result thereof shall be entered upon the records of such county court." 1 R. S. 1889, sec. 4598, p. 1050. (6) The county court after the county clerk has filed the abstract of the vote and his certificate thereto properly ordered publication of the result of said election, and the judgment or finding of the county court in said record entry did not invalidate the record as to the result certified to by the clerk, or the entry made by the county court showing the result of the election. (7) A deputy clerk may in the name of his principal perform all the duties of clerk. 1 R. S. 1889, sec. 1977, p. 523. (8) The presumption is that the officers complied with the law, and it cannot be attacked in a collateral proceeding like this, but can only be set aside in a direct proceeding.

GILL, J.—Petitioner Rothwell was charged, tried and found guilty before a justice of the peace in Randolph county for selling intoxicating liquors in violation of what is known as the local-option law, alleged to have been adopted in said county, outside the city of Moberly. Having failed to pay the fine of $300 and costs imposed, he was committed to jail, and has sued

In re Rothwell.

out of this court a *habeas corpus* writ to test the legality of his imprisonment.

I. The question for our determination is : Does the record show that Randolph county, outside the city of Moberly, has adopted the provisions of said local-option law. No objection is made as to the sufficiency of the petition for the election, nor as to the order therefor by the county court, etc. The points are made however, *first*, that the vote on the adoption of the law was not legally canvassed, cast up and the result declared, and, *second*, that said result was not entered upon the records of the county court in accordance with the requirements of the statute.

II. To prove the adoption of the local-option law in Randolph county, the following is relied upon: "Abstract of votes cast for and against the local-option law at an election held in the county of Randolph, state of Missouri, on the fourth day of February, A. D. 1888.

| "Voting Precincts. | For the Sale of Intoxicating Liquors. | Against the Sale of Intoxicating Liquors. |
| --- | --- | --- |
| Jacksonville............. | 79 | 67 |
| Darksville ............ | 88 | 55 |
| Thomas Hill............ | 45 | 44 |
| Rolling Home ........... | 48 | 36 |
| Clifton............ ....... | 61 | 84 |
| Mount Airy....... ..... | 27 | 41 |
| Roanoke........ ... .... | 57 | 37 |
| Higbee................. | 97 | 188 |
| Salt Springs, Huntsville. | 245 | 431 |
| Levick's Mill........... | 87 | 56 |
| Cairo........... ..... | 75 | 144 |
| Milton................. | 46 | 57 |
| Renick ............... | 151 | 230 |
| First Ward Moberly.... | 13 | 40 |
| Second Ward Moberly.. | 23 | 75 |
| Third Ward Moberly... | 9 | 20 |
| Clark Switch........... | 36 | 59 |

In re Rothwell.

"STATE OF MISSOURI, ⎱ ss.
"County of Randolph. ⎰

" I, Thomas W. Roberts, clerk of the county court of
Randolph county, do hereby certify that the above and
foregoing is a true and complete abstract of all votes cast
in said county, outside of the corporate limits of the
city of Moberly, for the sale, and against the sale, of
intoxicating liquors, at an election held on the fourth
day of February, A. D. 1888, as shown by the returns
made to my office by the judges and clerks of election
of the different voting precincts in said county.

"In testimony whereof, I have hereunto set my
hand and affixed the seal of said court, at office in
Huntsville, this ninth day of February, A. D. 1888.

"[ Seal. ]          THOMAS W. ROBERTS,  Clerk,
                    "Per J. H. MILLER, Deputy Clerk.

" Witness :

"J. J. KIRKPATRICK, Justice of the Peace.

" J. G. BIBB, Justice of the Peace.

Along with this appears the following stipulation :
"It is admitted that the abstract of the vote hereinbe-
fore fully set out is on file in the clerk's office of said
county with the date of its filing indorsed thereon, Feb-
ruary 9, 1888, and it is further admitted that said
abstract has not been spread upon the record of said
county."

Then there appears the following taken from the
record book of the county court :

"In the Randolph county court, February 27 Term,
1888.

"Whereas it appears to the satisfaction of the
Randolph county court, from the official returns of the
local-option election held on the fourth day of February,
1888, in Randolph county, Missouri, outside of the cor-
porate limits of the city of Moberly,.that a majority of
four hundred and seventy-seven of the votes cast at said
election were cast against the sale of intoxicating

liquors.   The number of votes cast and officially returned
are as follows :

|  | Votes. |
|---|---|
| "Against the sale of intoxicating liquors.... | 1664. |
| "For the sale of intoxicating liquors........ | 1187. |

| "Majority against the sale of intoxicating liquors ............................... | 477. |

"It is therefore ordered the result of the election on
said fourth day of February, 1888, as aforesaid, be pub-
lished for four consecutive weeks, commencing this
week, in the same newspapers in which the notice of
election was published, to-wit: In the *Huntsville Her-
ald, Randolph Republican* and *Moberly Monitor*.

Let us now refer to the statutes directing the man-
ner of determining and authenticating the result of a
local-option election, and, then, having the facts of this
case alongside the statute requirements, we may pass
upon the sufficiency of the evidence offered to sustain
Rothwell's conviction.

In section 1 of the local-option law, section 4598,
Revised Statutes, 1889, it is provided that "such elec-
tion shall be conducted, the returns thereof made and
the result thereof ascertained and determined in accord-
ance in all respects with the laws of this state governing
general elections for county officers, and the result
thereof shall be entered upon the records of such county
court," etc.   Referring now to the statute "governing
general elections for county officers," section 4684,
Revised Statutes, 1889, and there it is provided :   "The
clerk of each county court shall, within five days after
the close of each election, take to his assistance two
justices of the peace of his county, or two judges of the
county court, and examine and cast up the votes given
to each candidate, and give to those having the highest
number of votes certificates of election."   Engrafting
now this latter statute onto the local-option law and we
have, *first,* a result, ascertained by the canvassing board

composed of the county clerk with two assistants, with a certificate thereof. *Second*, such result to be entered upon the records of the county court, and then, on the publication by the county court of this result for four weeks ( as provided by section 4602, Revised Statutes, 1889 ), the law becomes operative.

I.   Among the objections urged here against the certificates now under consideration is, that it appears to have been made by the county clerk's deputy, whereas this was a duty that could only be performed by the clerk in person. This is an erroneous position. The clerk is entitled to appoint a deputy by the consent of the judges, and when so appointed such deputy may perform the duties of the clerk. R. S. 1889, sec. 1977. Besides the rule is that, " where a public officer is authorized to appoint a deputy, the authority of that deputy, unless otherwise limited, is commensurate with that of the officer himself." Mechem on Pub. Officers, sec. 570.

II.   This abstract of the votes cast and certificate by the county clerk is further assailed because said instrument fails to show that the canvass of the votes was made by the clerk and two justices of the peace or judges of the county court. In our opinion it is not necessary to state in the certificate of election that the clerk had called in the assistants provided by law and with them had examined and cast up the votes given, etc.   It is only necessary, we think, that the certificate should state the result as the canvassers found it.   The statute provides that the clerk ( when the votes have been examined and cast up by him and the two assistants ) shall give to the person receiving the highest number of votes a *certificate of election*. Then, by analogy when the clerk with the other members of the canvassing board shall have examined and cast up the vote cast at a local-option election, it is made the duty of the county clerk to make his certificate of the result of such election.   As held by us in *State v. Mackin*, 41

Mo. App. 99, and *State v. Prather*, 41 Mo. App. 451, the statute has provided a board of canvassers, whose duty it is to cast up the result of an election such as this; but the duty of *certifying* that result, or furnishing the "certificate of election," as named in the statute above quoted, is imposed on the county clerk. R. S. 1889, secs. 4684, 4686, 4687, etc. This certificate of election, or, as in this instance, certified abstract of votes cast, is *prima facie* evidence of the result there shown. The rule seems to be established that the certificate of the canvassing officer is binding until it is impeached. The presumption is that such certificate states the truth and that a proper canvass on which the certificate was issued was made. *Prettyman v. Supervisors*, 19 Ill. 406-414; *People v. Cicott*, 16 Mich. 284; Mechem on Pub. Officers, sec. 212; *Barnes v. Gottschalk*, 3 Mo. App. 111; *Zeiler v. Chapman*, 54 Mo. 505; *State v. Prather*, *supra*. In the absence of impeaching facts, it is presumed that the county clerk was justified by a legal and proper canvass of the votes in issuing the certificate as to the result of such election. "The well-settled presumptions of the regularity of official action, and that things required to be done have been rightly done, apply here as in other cases. The presumption is, therefore, that the election has been properly conducted and that the officers charged with the duty of ascertaining and declaring the result have discharged that duty faithfully." Mechem on Pub. Officers, sec. 219.

III. Counsel for the petitioner further contends that, even admitting the sufficiency of the county clerk's certificate, yet that the result of such election had never been entered upon the records of the Randolph county court, and, therefore, the law was not adopted in said county. The position of counsel seems to be that the certificate of the clerk should be copied bodily into the record of the county court. We do not regard this necessary. The statute reads: "The *result*

thereof [that is of said election] shall be entered upon the records of such county court." In this case the *result was* substantially entered on the records of the Randolph county court. The substantive, primary and, indeed, only proper evidence of the result of this local-option law election is the certificate of election made by the county clerk and filed in the archives of the Randolph county court. The record made by the county court wherein is set out the result of the election does not prove the adoption of the law. As heretofore held by us the county court has no authority or jurisdiction under the statute to pass on that question. *State v. Prather, supra; State v. Searcy,* 39 Mo. App. 393. The statute does not require this *certificate of election* made by the county clerk to be spread entire upon the records of the county court, but only requires a noting or entering of the *result* on the record of the court. We hold then that the abstract of votes cast, as certified by the county clerk, and deposited with the records of the county court, made a *prima facie* case of the result of the election in Randolph county, and that by the recitals in the order of February 27, 1888, hereinbefore set out such result sufficiently appears entered on the records of such county court."

It follows, therefore, that the petitioner must be remanded to the custody of the sheriff of Randolph county, and it is so ordered. All concur.