THE STATE OF MISSOURI, Respondent, v. BARNEY MACKIN, Appellant,

Kansas City Court of Appeals, November 14, 1892.

1. **Dramshops:** LOCAL OPTION: REASONABLE NOTICE OF ADOPTION. In Ray county at an election held on the ninth day of August, 1887, the

local-option law was adopted. The county clerk neglected to canvass the votes and certify the result until mandamused so to do by the appellate court, and upon a canvass so made the county court ordered publication which was duly made on December 27, 1890. *Held*, the delay in giving notice was not unreasonable under the circumstances, and ought not to defeat the will of the voters.

2. ———: ———: RESULT, HOW PROVED. The result of an election to adopt the local-option law can be shown by the certificate of the clerk and the county court record wherein it is entered; or by a certified copy of the result as spread upon the county court record. (*State v. Mackin*, 41 Mo. App. 99; *State v. Prather*, 41 Mo. App. 451; *In re Rothwell*, 44 Mo. App. 215; *State v. Searcy*, 46 Mo. App. 421; s. c., Supreme Court, April term, 1892, *reviewed and harmonized*.)

3. ———: ———: CLERK'S FAILURE. The failure of the county clerk to canvass the votes within five days after the election will not defeat the adoption of the law.

4. ———: ———: DETERMINATION OF POPULATION OF CITY: COLLATERAL ATTACK. In ordering a special election, to adopt the local-option law, the county court judicially determines the population of the cities in the county, which determination is conclusive until set aside by a direct proceeding.

5. ———: ———: JURISDICTION: FACT IN PAIS: PRESUMPTION. Where a tribunal, though inferior, or a ministerial board, is required to find the existence of a fact *in pais* in order to warrant it to do what it does, it will not be presumed to overthrow its jurisdiction in the silence of the record that the fact did not exist, but that it did exist, until the contrary is made to appear in a direct proceeding.

*Appeal from the Ray Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Ball & Hamilton*, for appellant.

(1) Appellant insists that his objections to the introduction of county court record (recounting of the votes) should have been sustained, because said count was not made within five days after the holding of said election. Revised Statutes, 1889, sec. 4684; *State v. Searcy*, 46 Mo. App. 429; *Bowen v. Hixon*, 45 Mo. 344:

*State v. Searcy*, Supreme Court, April Term, 1892. (2) Appellant insists that his objection, number 3, to introduction of record, should have been sustained, because said record does not show upon its face that there was any report of the votes cast at the various voting precincts in Ray county as to the result of said vote upon said local-option law, properly and legally certified to by the judges and clerks of the various voting precincts in said Ray county. Revised Statutes, 1889, secs. 4675, 4676. Appellant insists that his objection, number 4, to the introduction of record exhibits A and B should have been sustained; because said record does not show that the county clerk counted said votes publicly, nor made public proclamation at courthouse door that said count would be made. Revised Statutes, 1889, secs. 4685, 4675; *State ex rel. Broadhead v. Berg*, 76 Mo. 136.

*T. N. Lavelock*, for respondent.

In order to show the adoption of the local-option law, it was only necessary for the state to introduce: *First*. The report of the canvass of the election returns, made by the clerk with the assistance of the two judges of the county court as spread upon the record of the county court. *Second*. The order of the county court directing the publication of the result of the election. *Third*. Proof of the publication of notice of such result once a week for four consecutive weeks. *State v. Searcy*, 39 Mo. App. 407; *State v. Prather*, 41 Mo. App. 451: *In re Rothwell*, 44 Mo. App. 215; *Neighbors v. Com.*, 9 S. W. Rep. 718.

SMITH, P. J.—The defendant was indicted, tried and convicted for a violation of the "local-option law." The indictment (omitting formal part) charged "that

the act of the general assembly of the state of Missouri, approved on the fifth day of April, A. D. 1887, and known as the "local-option law," has been duly adopted in said county of Ray, and was in force as the law of the state within said county of Ray at the date next hereinafter alleged, and said grand jury do present and charge that Barney Mackin, late of said Ray county, on the eighth day of February, A. D. 1891, at the said county of Ray, in the state of Missouri, did then and there unlawfully sell and dispose of intoxicating liquors, to-wit: One gill of whiskey for ten cents; one gill of ale for ten cents; one gill of brandy for ten cents; one gill of rum for ten cents, one gill of beer for ten cents; one gill of wine for ten cents; one gill of intoxicating liquor for ten cents, the kind or name of said liquor being to the grand jury unknown, the same not there and then being wine for sacramental purposes, nor pure alcohol for medicinal, art, scientific or mechanical purposes, against the peace and dignity of the state."

The defendant, who has appealed here, assigns a number of grounds of error upon which he insists he is entitled to a reversal of the judgment. The first of these is, that since it appears from the clerk's certificate of the election—section 4684—and the result thereof entered upon the records of the county court—section 4598—that the election was held on the ninth day of August, 1887, and the votes given thereat were not examined and cast up until the fourteenth of November, 1890; that the publication of the result of such election was not made until the twenty-seventh day of December, 1890; that the publication was not made within a reasonable time after said election had been held, and that, therefore, said records were inadmissible to show that the "local-option law" was in force in said county at the time the indictment

charges the sale of the intoxicants therein mentioned. According to the ruling made by us in *State ex rel. Reyburn v. Ringo,* 42 Mo. App. 115, that the failure to perform the duty enjoined upon the clerk by section 5506, in respect to said local-option election, until compelled to do so by a writ of *mandamus* issued out of this court for that purpose, did not render the election abortive; or, in other words, that the delay growing out of the failure of the clerk to perform his duty within the time and in the manner required by the statute did not have the effect to render the election invalid. It was just as valid as if the clerk had performed the duty required of him by statute within five days after the election. Until the clerk performed his statutory duty in respect to the examination and casting up of the votes given at the election, and the certification of the result, such result could not be entered upon the records of the county court. If the result certified by the clerk and entered upon the records showed that a majority of the votes cast at the election were "against the sale of intoxicating liquors, it then became the duty of the county court to order the clerk to publish the result, and the provisions of the local-option law would take effect and be in force from and after the date of the last insertion of the publication. Sec. 4602.

Conceding that the publication of the result of the election must be made within a reasonable time after the election, yet was the publication in this case, which was not made for nearly three years and a half after the election, within a reasonable time? In *State ex rel. Church v. Weeks,* 38 Mo. App. 566, where publication was not made for a year after the election, it was said "that the statute does not direct within what time after the election the publication of notice shall begin. It is presumed that it was the intention of the law-makers that it should be given within a reasonable time there-

after, and as to what would be a reasonable time would depend upon the peculiar facts and circumstances of the case which are not before us." In this case it clearly appears from the evidence contained in the record that the delay in making publication of notice was occasioned by the neglect of the clerk to perform the duty imposed upon him by the statute. There is no dispute about the peculiar facts and circumstances which the record shows caused the delay in the publication. As a matter of law, then, we think that the delay in giving the notice was not unreasonable under the circumstances, and ought not to have the effect to defeat the will of the majority of the qualified voters of said county expressed at the election. *State ex rel. Church v. Weeks, supra; State v. Mackin,* 41 Mo. App. 99.

We have several times held that the adoption of the local-option law can be shown by the certificate of the clerk made in pursuance of section 4684, and the record of the county court, wherein is entered the result of the election appearing by the said certificate. *State v. Mackin, supra; State v. Prather,* 41 Mo. App. 451; *In re Rothwell,* 44 Mo. App. 215.

But it is seriously contended by the defendant that the decisions made by us in the *Mackin* and *Prather cases* just cited have been overthrown by the decision of the supreme court in the case of *State v. Searcy* (not yet reported). It is, therefore, worth while for us to examine these cases in order to determine whether there is any merit in the defendant's contention or not. The single point presented for decision in *State v. Mackin,* 41 Mo. App. 99, was whether the clerk of the county court had performed the duty enjoined upon him by section 5506, Revised Statutes, or whether the record of the county court which recited that the clerk of that court had taken to his assistance the three county

judges, and in their presence had cast up the votes at said election under the local-option law, and found the result as there stated, showed such an ascertainment of the result of the election as the law required. The negative was ruled. It was stated *arguendo* by Mr. GILL, who delivered the opinion in the case, that it was the duty of the clerk on receipt of the poll books from the various precincts to call to his assistance two judges of the county court or two justices of the peace of the county, and with them cast up the votes given, and certify the result thus obtained to the county court.

In *State v. Prather*, 41 Mo. App. 451, what was decided in *State v. Mackin* was summarized and reaffirmed. It was there reiterated that it was the duty of the "board of canvassers to cast up the returns, and by a statement or certificate declare the result of such local-option election; and that a certificate or statement of the result should be entered upon the records of the county court." It was further said that "the adoption of the local-option law must be shown by the statement or certificate of this canvassing board entered upon the records of the county court, and cannot be shown in any other way. * * * It makes a *prima facie case* of the correctness of the matters therein contained."

Our sister court in *State v. Searcy*, 46 Mo. App. 421, declared: "We do not undersand that the justices or county judges called by the clerk to his aid are required to join with him in certifying the result," and "there is no provision in the local-option law or in any other statute, which has been called to our attention, requiring the certificate which the county clerk (or the county court clerk and the justices or judges, if the appellant's view be taken), makes of the result of the election to be entered upon the records of the county court." It is further stated in the opinion,

"we rest our conclusion on the consideration that there is no statute requiring any certificate of election to be made and signed by the whole canvassing board, and no statute relating to the local-option law which requires any such certificate to be made and signed at all." The opinion further declares there was a conflict of opinion between the decision of that case and our decision in the *Mackin* and *Prather cases*, and so the case was certified, under the constitutional requirement, to the supreme court.

The supreme court disposed of the case, when it reached there, quite summarily, by stating that the opinion of this court in the *Mackin* and *Prather cases*, so far as they conflict with that of our sister court in the *Searcy case*, "are disapproved and overruled." So that the question as to the extent of the conflict, or in what it consisted, if at all, was not stated by the supervisory court. We did not and do not understand the opinions in the *Mackin* and *Prather cases* to go to the full extent declared by our sister court in the *Searcy case*. Our understanding of what we held in the *Mackin* and *Prather cases* was stated in *Ex parte Rothwell*, 44 Mo. App. 215, thus: "As held by us in *State v. Mackin*, 41 Mo. App. 99, and *State v. Prather*, 41 Mo. App. 451, the statute has provided a board of canvassers whose duty it is to cast up the result of an election such as this, but the duty of certifying that result or furnishing the certificate of election as named in the statute above quoted, is imposed upon the county clerk." And it was further said by us in that case: "The position of counsel seems to be that the certificate of the clerk should be copied bodily into the records of the county court. We do not regard this as necessary. The result thereof, that is, of said election, shall be entered upon the records of the county court. In this case the *result was substantially* entered upon the records of the

·county court. * * * The statute does not require this certificate of election made by the county clerk to be spread entire upon the records of the county, but ·only requires a noting of the result on the record of the ·court." We do not think that a fair construction of the language used by us in the opinions in the *Mackin* ·and *Prather cases* justifies the conclusion that we there ·decided, either that the certificate required of the clerk by the statute should be signed by him and the county .judges, or the justices of the peace, called by him to his assistance to examine and cast up the votes given, ·or that such certificate should be *in hæc verba* or bodily spread upon the records of the county court. The con- ·clusion that such was the case resulted, no doubt, from a misconception of what was decided by us. There is, therefore, in our opinion, no such conflict as was sup- ·posed.

There is, however, a conflict, in another particular, between the opinion in the *Searcy case* and that in the *Prather case*. In the latter case it was held that "the ·adoption of the local-option law must be shown by the .statement or certificate of the canvassing board entered ·upon the records of the county court, and cannot be .shown in any other way." In the former, the *Searcy case*, it was held that the allegation in an indictment that .the local-option law has been adopted and is in force within the county is sustained by the production of a ·certified copy of the result of the election as spread upon the records of the county court. It is conceded in all the ·cases that this evidence must be supplemented by proof of subsequent publication of the result, as required by, :statute. We think our. sister court was correct in its ruling on this last point, and to which ruling we most ·cheerfully yield our acquiescence. This is as far as ·there is any conflict in the cases referred to. In other .respects our opinions in the *Mackin* and *Prather cases*

have not been in the least encroached upon by the ruling of the supreme court in the *Searcy case.*

The state in this case introduced the certificate of the clerk, required to be made by section 506, and the certified copy of the record of the election spread upon the records of the county court. The introduction of the latter, with the proof that publication of the result had been made, was sufficient to sustain the allegation that the law had been adopted, and was in force at the time the sale of the liquor was made. The introduction of the clerk's certificate of the result of the election, further than it appears in the county court record, was unnecessary to make out the state's *prima facie* case. It was in excess of the necessary requirement. The county court record showed the result of the election, and whether this was made to appear by spreading the certificate of the clerk in its entirety on the record, or the substance of it, we think, is of no consequence. Either would accomplish the statutory purpose.

The defendant further challenges the judgment on the ground that the county court record does not show that the clerk performed his duty under said section 5506 within the time required by it.

This objection finds its answer in our rulings in *State ex rel. Reyburn v. Ringo,* 42 Mo. App. 115.

The further objection is made by defendant that the court erred in refusing to permit the introduction of parol evidence to show that at the time of the local-option election in August, 1887, the city of Richmond, in said county, contained a population of more than twenty-five hundred inhabitants. This objection cannot be sustained. When the county court under the provisions of the local-option law, ordered the special election for the purpose authorized by that law, it, in the exercise of its statutory jurisdiction, judi-

cially determined that the city of Richmond did not contain twenty-five hundred inhabitants. This was a fact the court was there authorized to determine, and having done so that determination is conclusive as to that fact until set aside by a direct proceeding for that purpose. It is not open to collateral question. *State ex rel. v. Weatherby*, 45 Mo. 17; *State v. Evans*, 83 Mo. 319; *State ex rel. v. Young*, 84 Mo. 90; *State v. Searcy*, 39 Mo. App. 393.

As to the other objection, that the county court record does not show upon its face that there was any report of the votes cast at the various voting precincts as to results legally certified by the judges and clerks and the like, is met and overcome by a familiar principle which is quite applicable, and to the effect that when a court, although of inferior or limited jurisdiction or a *mere ministerial board*, is required to find the existence of a fact *in pais* in order to warrant it to do what it does, it will not be presumed for the purpose of overthrowing its jurisdiction in the silence of its record, that the fact did not exist, but the general presumption of right acting, which attends all official bodies, will obtain in such case, and it will be presumed that the fact did exist until the contrary is made to appear by a direct proceeding. *State v. Searcy*, *supra; Riggins v. O'Brien*, 34 Mo. App. 613.

The evidence sufficiently shows a sale of both whiskey and beer to sustain the verdict of guilty, so it seems to us that there is no error in the record that would justify our interfering with the judgment of the circuit court, which, therefore, we must affirm. All concur.