## HASKELL, *Governor,* v. REIGEL *et al.*

### No. 1095. Opinion Filed March 22, 1910.

### (108 Pac. 367.)

COUNTIES—Division—Construction of Statute—Submission to Voters—Validity—Time. Section 5, art. 1, c. 26, Sess. Laws 1907—08, providing that, "if the object sought be to transfer territory from one county to an existing county, and if sixty per centum of the votes cast at said election vote 'Yes,' the Governor shall, within ten days after declaring the result of said election, issue his proclamation calling an election," etc., as to such time, is directory.

(a) The voters of Hunter township, a part of Kiowa county, at an election by a 60 per cent. majority voted to transfer said township from Kiowa county to Tillman county, the

Governor having issued his proclamation after declaring the result of said election, calling an election to be held in Tillman county, at which he submitted not the proposition of attaching Hunter township, but only a certain portion thereof. His action in so doing was void.

(b) Although the statute requires the Governor within 10 days after declaring the result of such election to issue his proclamation, etc., yet the fact that through inadvertence or misapprehension of the law he has failed to do so, that does not relieve him of the duty of issuing the proclamation as required by law. The statute imposed a duty which should be performed within the time stated, but, if not, it yet remains a duty.

(Syllabus by the Court.)

*Error from District Court, Logan County; A. H. Huston, Judge.*

Action by O. B. Reigel and others against C. N. Haskell, Governor. Judgment for plaintiffs, and defendant brings error. Reversed, with directions to dismiss.

*S. W. Johnson, Hudson & Mounts,* and *Ledbetter, Stuart & Bell,* for plaintiff in error.—Citing: Paine on Law of Elections, 1888, sec. 309; Black on Interpretation of Laws, pp. 343-345; *People v. Town of Fairbury,* 51 Ill. 149; *Gale v. Mead,* 2 Denio. (N. Y.) 160; *Heath Cases,* 3 Hill. (N. Y.) 42; *People v. Allen,* 6 Wend. (N. Y.) 486; *Sackett v. State,* 74 Ind. 491; *State v. Harris,* 17 Ohio St. 608; *Pond v. Nagus,* 3 Mass. 230; *State v. Smith,* 22 Minn. 218; *Colt v. Evers,* 12 Conn. 242.

*H. E. Asp, Devereux & Hildreth,* and *Moss, Turner & McInnis,* for defendants in error.—Citing: *Gossard v. Vaught,* 10 Kan. 162; *Garfield v. U. S.,* 30 Appeals D. C. 177; *U. S. v. Bank of Metropolis,* 15 Pet. 377; *Stone v. U. S.,* 2 Wall. 525; 11 Cyc. 403; *Board, etc., Trustees v. Board of Supervisors* (Cal.) 34 Pac. 244; 55 Am. St. Rep. 209, notes.

WILLIAMS, J. The question essential for determination in order to dispose of this case is as to whether section 5, art. 1, c. 26, Sess. Laws 1907-08, p. 278, providing that "if the object sought be to transfer territory from one county to an existing county, and if sixty per centum of the votes cast at said election vote 'Yes,' the Governor shall, within ten days after declaring the

result of said election, issue his proclamation calling an election to be held in the county to which said territory is sought to be transferred, which said election shall be held not less than thirty nor more than forty days thereafter," is mandatory.

In the case of *Town of Grove v. Haskell et al,* 24 Okla. 707, 104 Pac. 56, this court held as to the notice that the clause, "such election shall be held under the provisions of the election laws of the state and upon such public notice of the election as the Governor in his proclamation may direct" (section 3, art. 1, c. 26, p. 277, Sess. Laws 1907-08), was directory. This identical clause is taken from section 6, subd. a, art. 17, Const. Section 3 also contains a clause that "upon filing of said petition or petitions, accompanied by affidavits mentioned in the preceding section, with the Governor, he shall, within twenty days of the filing of said petition or petitions, issue his proclamation calling an election to be held in said territory sought to be formed into a new county, or transferred to another county, not less than thirty nor more than sixty days from the date of his proclamation." Then follows the companion provision directing the mode of procedure of a public officer, as construed in the case of Town of Grove, *supra.* If that clause relating to notice is merely directory, why should the preceding provision as to the time in which the notice shall be issued not also be directory? Is it not more essential that the provision for the giving of notice be mandatorily complied with in order that all the electors residing within such proposed territory may have an opportunity to participate in the election and express their will on the questions submitted than that the provision prescribing that the public officer should act within a certain time should be construed as mandatory?

"Where a statute specifies the time within which a public officer is to perform an official act affecting the rights and duties of others, it will be considered as directory merely, unless the nature of the act to be performed, or the language used by the Legislature, shows that the designation of the time was intended as a limitation of the power of the officer." (Paine on the Law of Elections, 1888, § 309, p. 207; Black on Interpretation of Laws, pp. 343-345;

3 Lewis' Sutherland, Statutory Construction [2d Ed.] § 612, p. 1117; Endlich on Interpretation of Statutes, 1888, § 437, p. 618.)

The cases of *Dishon v. Smith, Co. Judge*, 10 Iowa, 212 and *People v. Cook*, 14 Barb. 259, *Id.*, 8 N. Y. 67, 59 Am. Dec. 451, relate to election cases, the former involving a county seat. See, also, *Colt et al. v. Eaves*, 12 Conn. 243; *Walker et al. v. Chapman, Governor, etc.*, 22 Ala. 116; *Com'rs Court of Limestone County v. Jno. D. Rather et al.*, 48 Ala. 433; *Hart v. Plum*, 14 Cal. 149; *Pond v. Negus et al.*, 3 Mass. 230, 3 Am. Dec. 131; *People ex rel. v. Town of Fairbury*, 51 Ill. 149; *Gale v. Mead & Seely*, 2 Denio (N. Y.) 160; *Heath's Case*, 3 Hill (N. Y.) 42; *State v. Smith*, 22 Minn. 218; *Edwards v. Hall*, 30 Ark. 37; *Sackett v. State ex rel.*, 74 Ind. 486; *Norris et al. v. Cross, Secretary of State*, 25 Okla. 287, 105 Pac. 1000.

The only case cited by the defendants in error in support of the contention that the statute is mandatory is that of *Gossard v. Vaught et al.*, 10 Kan. (2d Ed. p. 129) 162. Section 5, c. 26, Gen. St. Kan. 1868, relating to county seats, declares:

"The elections provided for in this act shall be held within fifty days after the presentation of the petition therefor; and the county commissioners shall cause thirty days' notice of such election to be given, by publication in one or more newspapers published in the county, or by posting written or printed notices at the several voting places in the county."

In construing this section the Supreme Court of Kansas said (*Gossard v. Vaught, supra*):

"It is an old rule that time and place are the substance of an election. This has its exceptions and limitations. Yet, when the Legislature has named a day on which an election shall be held, an election on any other day is void and confers nothing. So, when the proper authorities have designated certain places for the polls, an unnecessary removal to remote places will vitiate the election. There the Legislature has not named the day of the month, but it has placed bounds within which it must be held, not less than 30, that being the time of publication of notice, nor more than 50 days from the presentation of the petition."

It will be observed that the foregoing case is based upon the ground that the statute relates to the time of holding the election,

and not to the time within which the notice or proclamation should be given. Whilst it is a general rule that the statutes designating the time for the holding of an election are construed to be mandatory, yet the converse is true as to the time within which notice shall be given. It follows that the Kansas case harmonizes with the rule hereinbefore announced, and is not an authority in point to the effect that section 5, art. 1, c. 26, *supra,* should be construed to be mandatory. Neither the nature of the act to be performed nor the language used by the Legislature shows that the designation of the time within which the proclamation was to issue was intended as a limitation of the power of the Governor. Therefore such statute is merely directory.

Counsel for the defendants in error in their brief say:

"It is conceded that mandamus will not issue to control the action of the Governor in a matter of discretion, but the defendants contend that the duty of the Governor to call an election in accordance with the petition is ministerial and mandatory, not discretionary. If it is true that the Governor yet has the right to act in obedience to the petition upon the part of Hunter township to attach itself to Tillman county, and the election held therein for that purpose, by calling the election in Tillman county to accept all of the petitioning and voting territory, and to call the election for a new county in obedience to the defendants' petition, and the time when those two duties arose have no influence upon their exercise, then it is true that mandamus would not lie to compel the Governor to do one or the other."

Counsel for all parties concede that the Governor's action in calling the election in Tillman county, submitting a different proposition to the voters of said county than was voted on in that portion of Kiowa county described as Hunter township, is void. In this we agree. It is further insisted, however, that the Governor in calling such election exhausted his authority. With this we do not concur. In the case of *State ex rel. Reyburn et al. v. Ringo County Clerk, etc.,* 42 Mo. App. 115, the court said:

"We are asked (by mandamus proceedings) to compel the respondent, who is clerk of the county court of Ray county, to proceed under section 5506, Rev. St. 1879, and Laws 1887, p. 180, to

cast up the vote given at an election in said county held therein under the local option law of 1887 for the purpose of determining whether liquors could be sold in said county. The facts are these: An election under the local option law was held in Ray county on the 9th day of August, 1887. Within five days thereafter, the respondent, as clerk of the county court, attempted to cast up such vote, as is provided in section 5506, Rev. St. 1879. By such casting up, the law appeared to have been adopted by a majority vote, and it was so entered in the county court record. This counting of the vote and determination that the law had been carried was afterwards decided by this court to be irregular and invalid. *State v. Macklin,* 41 Mo. App. 99, wherein it was held that the vote had not yet been counted in the manner directed by the statute. To the alternative writ now issued the return of the respondent admits all the material allegations, but alleges as a reason why the writ should not be made absolute that the five days allowed by law in which said vote should be cast up has long since expired, and that he is now without warrant of law to cast it. We are thus called upon to decide whether the omission of the clerk to cast the vote within the time limited by the law bars or prevents its being done afterwards. The statute is as follows: 'Sec. 5506. The clerk of each county court shall, within five days after the close of such election, take to his assistance two justices of the peace of his county, or two judges of the county court, and examine and cast up the votes given. * * *' We are not in doubt as to what is the proper construction of this section. Its true meaning is this: That, to the end that there may be no unnecessary delay in the result of an election, the clerk is commanded to ascertain that result within five days. The statute does not go to the election, but merely to the action of the clerk. It imposes upon him a duty which he ought to perform as directed, but it nowhere attempts to relieve him of that duty in case he fail to perform it within the time stated. In other words, the statute does not absolve him from performing this important duty merely for the reason that he failed to perform it as he should have done. This statute enacts two things—one, a duty; the other, a time for its performance. The duty *must* be performed as *required* by the statute. It should be done within the time commanded, that he will thereby be excused from performance afterwards. If there was any good reason for such construction, we would give it effect, but, in the absence of any, we shall not do so, especially as such interpretation of the law would nulify elections in all cases

where upon any cause the time had passed without performance. The case shows that respondent endeavored to perform his duty as he understood it, and we are not inclined to permit an honest misconstruction of the statute to abrogate the election. A peremptory writ will be awarded."

In this case no opinion is expressed as to whether the defendants in error could maintain this action or as to the district court of Logan county having jurisdiction to render a judgment awarding a writ of mandamus against the plaintiff in error, the Governor, supervising or controlling in any way his action in matters involving ministerial action.

The judgment of the lower court is reversed, with instructions to dismiss the petition.

All the Justices concur.